PRIME SOUTH HOMES, INC., PLAINTIFF v. RICHARD E. BYRD AND VICKIE S. BYRD, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. ALBERT H. BEST, W. ROSS JAMES, III, PATRICIA A. OLSON AND CHARLES D. OLSON, THIRD-PARTY DEFENDANTS

No. 9010SC506

(Filed 19 March 1991)

**1. Arbitration and Award § 43 (NCI4th)— denial of arbitration— appeal from interlocutory order proper**

An order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed.

**Am Jur 2d, Appeal and Error § 156.**

**Appealability of state court's order or decree compelling or refusing to compel arbitration. 6 ALR4th 652.**

**2. Arbitration and Award § 19 (NCI4th)— waiver of right to compel arbitration—sufficiency of evidence**

The trial court did not err in concluding that plaintiff had waived its right to compel arbitration where defendants were prejudiced by plaintiff's use of judicial discovery procedures (deposing a nonparty witness who appeared only in response to a subpoena and gaining access to and copying voluminous documents produced by the witness), and defendants expended significant amounts of money in defense of plaintiff's suit before plaintiff belatedly demanded arbitration.

**Am Jur 2d, Arbitration and Award § 51.**

APPEAL by plaintiff from order entered 15 February 1990 by *Judge F. Gordon Battle* in WAKE County Superior Court. Heard in the Court of Appeals 29 November 1990.

On or about 30 June 1988, plaintiff-appellant and defendants-appellees entered into a contract for the renovation of defendants' residence for an agreed upon price of $162,000. The contract contained a binding arbitration clause which provided that all claims or disputes arising out of the contract would be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. A dispute arose concerning the construction and on 26 January 1989, plaintiff filed a claim

of lien pursuant to G.S. § 44A, Article 2, to accord it lien priority for $30,500 allegedly owed by defendants to plaintiff.

On 12 July 1989, plaintiff filed a complaint against the defendants in district court. Defendants filed an answer and counterclaims on 25 September 1989, alleging breach of contract, express warranty, and implied warranty; negligence; fraud; negligent misrepresentation; conversion; and unfair trade practice. The case was transferred to superior court with plaintiff's consent on 11 October 1989. On 9 November 1989, defendants filed a third-party complaint naming individually the principals of plaintiff-corporation as third-party defendants and alleging the same torts previously alleged in their counterclaim against plaintiff Prime South.

On 15 November 1989, defendants noticed the deposition of non-party witness Sharon Harris for 30 November 1989, but continued it until 14 December 1989 at plaintiff's request. On 13 December 1989, plaintiff's counsel inspected and copied various documents voluntarily produced by defendants pursuant to an earlier informal discovery request. At the deposition of Ms. Harris on 14 December 1989, both parties examined the witness and inspected and copied numerous documents produced by her. The deposition was suspended at 5:30 p.m. with agreement of both parties that it would be reconvened at the convenience of both parties. Ms. Harris was present at the deposition in response to a subpoena duces tecum and would not voluntarily confer with any of the parties' counsel.

On 22 December 1989, plaintiff filed a demand for arbitration and reply to defendants' counterclaims. On 4 January 1990, plaintiff's attorney filed an answer on behalf of the third-party defendants and a motion to compel arbitration.

Defendants had accrued legal fees in excess of $10,000 as of the time of the hearing on plaintiff's motion to compel. From denial of its motion to compel arbitration, plaintiff appeals.

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Richard T. Boyette and David A. Rhoades, for plaintiff-appellant.*

*James F. Jordan for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by William E. Moore, Jr., for Richard E. Byrd and Vickie S. Byrd, defendants and third-party plaintiffs-appellees.*

PRIME SOUTH HOMES v. BYRD

[102 N.C. App. 255 (1991)]

JOHNSON, Judge.

Plaintiff contends that the trial court erred in concluding that plaintiff had waived its right to compel arbitration and specifically alleges that certain findings of fact are not supported by the evidence.

The trial court based its denial of plaintiff's motion on the following conclusions of law:

(1) If arbitration were now ordered, Defendants would be impermissibly prejudiced by Plaintiff's delay in seeking arbitration and its actions inconsistent therewith, and by Plaintiff's use of discovery procedures unavailable in arbitration;

(2) Plaintiff has impliedly waived its right to seek arbitration in this action.

The trial court supported its conclusions by the following findings of fact to which plaintiff specifically objects as not being supported by the evidence.

(11) Defendants' voluntary production of documents to Plaintiff was induced by Plaintiff's actions and assertions consistent with a litigation stance;

. . .

(15) The non-party witness deposed by Plaintiff, Third-Party Defendants and defendants was not unavailable for an arbitration hearing and thus was not subject to a discovery deposition under N.C.G.S. § 1-567.8(b);

(16) By attending and participating in the deposition of the non-party witness, Plaintiff made use of a judicial discovery procedure unavailable in arbitration;

(17) Plaintiff benefited from document discovery that is compulsory under the Rules of Civil Procedure but that might not have been available in arbitration, as the availability of such discovery would be within the discretion of the arbitration panel;

. . .

(22) Defendants have incurred in excess of Ten Thousand Dollars ($10,000.00) in legal fees to defend this civil action;

(23) A sizable portion of the legal fees incurred by Defendants would not have been incurred had Plaintiff sought arbitration without delay;

(24) Defendants and their counsel have spent numerous hours defending this action;

(25) A substantial amount of the time spent by Defendants and their counsel in defending this action would not have been spent had Plaintiff sought arbitration without delay[.]

"Findings of fact, when supported by any evidence, are conclusive on appeal. Conclusions of law, even if stated as factual conclusions, are reviewable." *Fairchild Realty Co. v. Spiegel, Inc.*, 246 N.C. 458, 465, 98 S.E.2d 871, 876 (1957) (citations omitted). "On appeal, the findings of fact made below are binding on this court if supported by the evidence, even when there may be evidence to the contrary." *Humphries v. City of Jacksonville*, 300 N.C. 186, 187, 265 S.E.2d 189, 190 (1980). While facts found below which are supported by the evidence are conclusive on this Court, we are not bound by the inferences or conclusions that the trial court draws from them. *Heath v. Kresky Mfg. Co.*, 242 N.C. 215, 87 S.E.2d 300 (1955). In accordance with these principles, we must determine whether there is evidence in the record which would support the trial court's findings of fact and if so, whether those findings of fact support the conclusion that plaintiff has waived its right to compel arbitration.

[1]   Initially, we note that an order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed. *Sims v. Ritter Constr., Inc.*, 62 N.C. App. 52, 302 S.E.2d 293 (1983); G.S. §§ 1-277(a), 7A-27(d)(1). *See Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982).

[2]   Plaintiff contends and we recognize that there exists in North Carolina a strong public policy in favor of settling disputes by arbitration. *Servomation Corp. v. Hickory Constr. Co.*, 316 N.C. 543, 544, 342 S.E.2d 853, 854 (1986). The leading case is *Cyclone Roofing Co. v. Lafave Co.*, 312 N.C. 224, 229, 321 S.E.2d 872, 876 (1984), where it was stated:

> Waiver of a contractual right to arbitration is a question of fact. Because of the strong public policy in North Carolina favoring arbitration, courts must closely scrutinize any allegation of waiver of such a favored right. Because of the reluctance

PRIME SOUTH HOMES v. BYRD

[102 N.C. App. 255 (1991)]

to find waiver, we hold that a party has impliedly waived its contractual right to arbitration if by its delay or by actions it takes which are inconsistent with arbitration, another party to the contract is prejudiced by the order compelling arbitration.

As to what constitutes prejudice the Supreme Court further stated:

A party may be prejudiced if, for example, it is forced to bear the expenses of a lengthy trial; evidence helpful to a party is lost because of delay in the seeking of arbitration; a party's opponent takes advantage of judicial discovery procedures not available in arbitration; or, by reason of delay, a party has taken steps in litigation to its detriment or expended significant amounts of money thereupon (citations omitted).

*Id.* at 229-30, 321 S.E.2d at 876-77. The mere filing of pleadings by both parties does not constitute waiver of an arbitration provision. *Id.* at 230, 321 S.E.2d at 876. Nor does plaintiff's filing of a claim of lien and his institution of suit to enforce it prohibit him from pursuing his claim for arbitration. *Adams v. Nelsen,* 313 N.C. 442, 329 S.E.2d 322 (1985).

We affirm the court below because we find that defendants have been prejudiced by plaintiff's use of judicial discovery procedures and because defendants had expended significant amounts of money in defense of plaintiff's suit before plaintiff belatedly demanded arbitration.

The discovery procedures available during arbitration are limited by statute. With regard to discovery, G.S. § 1-567.8 (1983) states in pertinent part:

(a) The arbitrators may issue subpoenas for the attendance of witnesses and for the production of books, records, documents and other evidence, and shall have the power to administer oaths.

(b) On application of a party and for use as evidence, the arbitrators may permit a deposition to be taken, in a manner and upon the terms designated by the arbitrators, of a witness who cannot be subpoenaed or is unable to attend the hearings.

(c) All provisions of law compelling a person under subpoena to testify are applicable.

Thus, contrary to a civil case at law, where there exists a broad right to discovery, *see* G.S. § 1A-1, Rules 26 to 37, discovery during arbitration is at the discretion of the arbitrator and further requires that the deponent "cannot be subpoenaed or is unable to attend the hearings." G.S. § 1-567.8(b). *See generally*, C. Foster, *The Law & Practice of Commercial Arbitration in North Carolina* § 2:01 (1986).

In support of its conclusion that plaintiff waived his right to arbitration, the court below found that plaintiff benefited when defendants voluntarily turned over material requested by plaintiff. Plaintiff contends that there is no evidence on the record from which the court could determine defendants' motivation in allowing voluntary document inspection and that plaintiff's access to this material does not constitute a use of judicial discovery procedures. We reject this argument. When a party to a lawsuit, in anticipation of litigation, voluntarily complies with a discovery request which could have been compelled, the requesting party will not be heard to complain that his receipt of such materials does not constitute use of a discovery procedure. However, we base our decision on other grounds.

In the case *sub judice*, plaintiff filed a suit to collect on his lien without demanding arbitration. Defendants answered and counterclaimed against plaintiff. Defendants then filed a third-party claim against the principals of the plaintiff corporation. Following that, plaintiff participated in the deposition of non-party witness Sharon Harris, a local resident. Ms. Harris' deposition was noticed by defendants and she appeared in response to a subpoena. Plaintiff does not challenge the finding of fact, supported by affidavit, that Ms. Harris would not have voluntarily appeared for deposition. At the deposition, plaintiff had access to and copied voluminous documents produced by Ms. Harris regarding defendants' substantive counterclaims and third-party claims. It was one week after attending Ms. Harris' deposition, which filled 225 pages of transcript, that plaintiff filed his demand for arbitration.

We find that Ms. Harris was not a "witness who cannot be subpoenaed or is unable to attend the hearing" since she was a local resident and could have been subpoenaed to attend an arbitration hearing (and in fact was deposed under subpoena). Defendants noticed the deposition of Ms. Harris in reasonable expectation of litigation, there having been no demand to the contrary. Thus plain-

PRIME SOUTH HOMES v. BYRD

[102 N.C. App. 255 (1991)]

tiff took advantage of a discovery procedure not available for arbitration to gain pre-trial access to defendants' evidence regarding his substantive claims, and having benefited from that access, immediately demanded arbitration, cutting off defendants' ability to participate in reciprocal discovery. *Cf. Servomation*, 316 N.C. at 545, 342 S.E.2d at 854-55 (plaintiff not prejudiced in answering numerous interrogatories posed by defendant when sizeable portion of interrogatories were directed toward securing information relating to arbitration clause in contract).

In Findings of Fact 22-25, the trial judge found that defendants had expended in excess of $10,000 in legal fees, a sizeable portion of which would not have been incurred by defendants had plaintiff sought arbitration within a reasonable time. In support of their case, defendants submitted a detailed billing record which itemized the attorney fees incurred by defendants from the date of suit through the drafting of their memorandum opposing plaintiff's motion to compel arbitration. The charges cover time spent researching, drafting and filing pleadings associated with plaintiff's suit, and more significantly, preparing for, rescheduling, taking, and defending, the deposition of Ms. Harris. The accrual of these costs was by reason of plaintiff's delay in demanding arbitration and would not have been incurred had plaintiff made a timely demand.

In conclusion, we find that the trial judge's findings of fact are supported by the evidence and the conclusion of law is supported by the findings of fact. We affirm the judgment below and find that plaintiff has impliedly waived his right to compel arbitration.

Affirmed.

Judges WELLS and COZORT concur.