McCULLOUGH, Judge.
This case arises out of the trial court's order denying defendant's motion to compel arbitration. The underlying facts are as follows: Plaintiffs George Spernock and Deborah Spernock own a home located at 4605 Griffith Road in Union County, North Carolina. On 20 August 1999, a bolt of lightning struck the home and caused a fire; plaintiffs' home was completely destroyed.
After the fire, plaintiff Deborah Spernock signed a contract with T.S. Henson Builders, Inc., to repair the home. George Spernock never signed the agreement. In the contract, Henson agreed to "[p]rovide all labor, materials, and equipment to repairfire damage to [the] residence" while plaintiff Deborah Spernock agreed to pay the contractor the "cost of labor and materials plus overhead and profit of 20%." The contract also contained an arbitration clause which stated that "[a]ny unresolved controversy or claim arising from or under this contract shall be settled by arbitration. The arbitration shall be held under the rules of the American Arbitration Association."
Plaintiffs filed a complaint against Henson alleging breach of contract and later filed an amended complaint. Defendant filed an answer and counterclaim on 19 February 2003. On 12 March 2003, defendant filed an amended answer and counterclaim that included a motion to compel arbitration. The trial court denied defendant's motion to compel arbitration. Defendant appeals.
On appeal, defendant argues that the trial court erred by denying the motion to compel arbitration. We agree and reverse the decision of the trial court.
"[A]n order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed." Prime South Homes v. Byrd, 102 N.C. App. 255, 258, 401 S.E.2d 822, 825 (1991). Accordingly, this appeal is properly before this Court.
In general, "public policy favors arbitration." Raspet v. Buck, 147 N.C. App. 133, 135, 554 S.E.2d 676, 678 (2001). However, "[t]he law of contracts governs the issue of whether there exists an agreement to arbitrate." Routh v. Snap-On Tools Corp., 108 N.C. App. 268, 271, 423 S.E.2d 791, 794 (1992). "[T]he party seekingarbitration must show that the parties mutually agreed to arbitrate their disputes."Id. at 271-72, 423 S.E.2d at 794.
The present case involves a contract to repair a home. Plaintiff Deborah Spernock signed the agreement with defendant T.S. Henson Builders, Inc., while her husband, George Spernock, did not. Defendant contends that both plaintiffs are subject to the arbitration agreement, even though George Spernock did not sign the contract. We agree.
As we have indicated, the validity of an arbitration agreement is a matter of contract law. Since Deborah Spernock signed the contract, her claims are subject to the arbitration agreement. The remaining issue is whether her husband, George Spernock, can be forced to submit his claims to arbitration, even though he never signed the contract.
Although a party cannot be forced to submit a claim to arbitration if he or she has not agreed to do so, "'a variety of nonsignatories of arbitration agreements have been held to be bound by such agreements under ordinary common law contract and agency principles.'" LSB Fin. Servs., Inc. v. Harrison, 144 N.C. App. 542, 547, 548 S.E.2d 574, 578 (2001)(quoting In re Prudential Ins. Co. of America Litigation, 133 F.3d 225, 229 (3rd Cir. 1998)).
In the present case, George Spernock joined his wife in filing a claim for breach of contract. In their amended complaint, both plaintiffs sought enforcement of the contract and requested money damages that were in excess of $10,000.00. Furthermore, both plaintiffs admitted in the pleadings that they were parties to thecontract, irrespective of the lack of a signature by George Spernock. We cannot see how George Spernock can assert a claim for breach of contract while simultaneously suggesting that one portion of the contract, the arbitration clause, should not be enforced. In fact, this Court expressly rejected such an attempt in Harrison. Id. at 548-49, 548 S.E.2d at 579 (stating that a party to a contract was equitably estopped from asserting that the lack of his signature on the contract precluded enforcement of the contract's arbitration clause where the party consistently maintained that other provisions of the contract should be enforced to his benefit).
For these reasons, we conclude that the trial court erred in denying defendant's motion to compel arbitration. The trial court's order is reversed, and the case is remanded for proceedings not inconsistent with this opinion.
Reversed and remanded.
Judges TIMMONS-GOODSON and HUNTER concur.
Report per Rule 30(e).