JAMES R. CULBERSON AND WIFE, CATHERINE R. CULBERSON, PLAINTIFFS v. REO PROPERTIES CORP., AMERICA'S SERVICING CO., & SUBSTITUTE TRUSTEE SERVICES, INC., DEFENDANTS

No. COA07-1546

(Filed 6 January 2009)

**Arbitration and Mediation— valid arbitration agreement—sufficiency of findings of fact and conclusions of law**

The trial court's order is remanded for further findings of fact and conclusions of law regarding the existence of a valid arbitration agreement, whether the parties' dispute falls within the substantive scope of the agreement, and whether defendants' delay in requesting arbitration prejudiced plaintiffs to such an extent that defendants have waived their right to arbitration.

Appeal by defendants REO Properties Corp. and America's Servicing Co. from order entered 31 August 2007 by Judge Karl Adkins in Superior Court, Mecklenburg County. Heard in the Court of Appeals 9 September 2008.

*The Odom Firm, PLLC, by Thomas L. Odom, Jr., for plaintiffs-appellees.*

*Kennedy Covington Lobdell & Hickman, L.L.P., by Amy Pritchard Williams and Todd W. Billmire, for defendant-appellants.*

STROUD, Judge.

Defendants REO Properties Corp. and America's Servicing Co. appeal the trial court order denying their motion to dismiss or in the alternative to compel arbitration and stay the action pending arbitration. The dispositive question before us is whether defendants waived the right to arbitrate. For the following reasons, we remand for further findings.

## I. Background

On 31 August 2007, the trial court filed an order regarding defendants'[1] motion to dismiss plaintiffs' action or in the alternative compel arbitration and stay the action pending arbitration.

---

1. As only defendants REO Properties Corp. and America's Servicing Co. filed the motion at issue and appealed from the resulting order, "defendants" throughout this opinion refers only to these two defendants and not to Substitute Trustee Services, Inc.

The trial court order read in pertinent part:

This matter came before the Court on July 11, 2007, on the motion by Defendant America's Servicing Company ("ASC" and together with REO Properties Corporation ("REO"), "Defendants"), for an order dismissing this action or in the alternative compelling arbitration and staying this action pending arbitration. Based upon the submissions of all parties and arguments of counsel, the Court makes the following findings of fact and conclusions of law:

1. Plaintiffs initiated this action on or about March 27, 2006, in order to enjoin a foreclosure sale scheduled to take place in April, 2006. The original complaint filed by Plaintiffs also contained claims for monetary relief. The foreclosure sale was preliminarily enjoined.

2. Defendants timely responded to the complaint in July, 2006. The answer filed and served did not reference a right to arbitration.

3. Plaintiffs have served two sets of written interrogatories and requests for production of documents on Defendants. Defendants have not served any written discovery on Plaintiffs. No depositions have been taken.

4. On November 17, 2006, the Culbersons participated in mediation with the Defendants that resulted in an impasse. Plaintiffs paid a mediation fee of $630.00.

5. On January 25, 2007, based upon discovery Plaintiffs received, Plaintiffs moved to amend the complaint in this action to add a number of additional claims seeking additional damages and asserting additional grounds for relief against the Defendants ASC and REO.

6. Plaintiffs' motion was heard on February 6, 2007. At the hearing on the motion to amend, Defendants did not raise the issue of a right to arbitrate disputes.

7. The Court granted Plaintiffs' motion to amend the complaint by Order dated February 9, 2007. The Court allowed Defendants 60 days from February 6, 2007, within which to respond to the Amended Complaint.

8. During the month of March, 2007, Defendants ASC and REO obtained new counsel.

9. On April 2, 2007, Plaintiffs tendered a payoff of the loan in question with a reservation of rights to protect their ability to assert the claims in the Amended Complaint and to contest that the payoff required by REO as the lender was not correct. REO accepted the tender of the payoff and released the Deed of Trust but reserved its asserted rights under the promissory note signed by Plaintiffs to collect any future legal fees and costs in this action. REO has not marked the note satisfied and asserts that it has refrained from doing so in order to preserve its asserted rights.

10. On April 6, 2007, in response to the Amended Complaint, Defendants ASC and REO filed the Motion that is the subject of this Order and an Answer and Conditional Counterclaim.

11. The Motion was originally scheduled to be heard on May 23, 2007, but was continued at the request of Plaintiffs due to a scheduling conflict. The Motion was then re-noticed for hearing on July 11, 2007.

12. Defendants REO and ASC assert that at the time that Plaintiffs took out the mortgage loan at issue in this case, Plaintiffs executed an Arbitration Rider to the Deed of Trust. The Deed of Trust executed by Plaintiffs contained a Balloon Payment Rider, Prepayment Penalty Rider and the Arbitration Rider at issue. The Deed of Trust executed by Plaintiffs, including the Riders, was recorded in the land records of Mecklenburg County. A certified copy of the recorded Deed of Trust with the Arbitration Rider was introduced at the hearing without objection.

13. Plaintiffs submitted affidavit testimony that they have incurred attorney fees and costs in excess of $69,000 in this action, of which approximately $25,000 have been paid.

14. The Plaintiffs have been prejudiced by Defendant ASC and REO's delay, actions and inactions inconsistent and incompatible with arbitration in failing to timely request enforcement of the putative arbitration agreement as follows:

a. On March 26, 2006, the Culbersons were required to file the original complaint and obtain a temporary restraining order to stop foreclosure on their home. No request for arbitration was made.

CULBERSON v. REO PROPS. CORP.

[194 N.C. App. 793 (2009)]

b. On April 6, 2006, a consent order continuing the March 27, 2006 temporary restraining order was entered. No request for arbitration was made.

c. Plaintiffs served upon Defendants Plaintiffs' First Set of Interrogatories and Request for Production of Documents on May 22, 2006. No request for arbitration was made.

d. On July 26, 2006, all Defendants filed a motion to dismiss, answer and affirmative defense to the complaint. No request for arbitration was made.

e. On November 17, 2006, the Culbersons participated in mediation with the Defendants that resulted in an impasse. Plaintiffs paid a mediation fee of $630.00. No request for arbitration was made.

f. On January 26, 2007, based upon the discovery Plaintiffs had received, the Plaintiffs filed a motion to amend complaint which was granted at the hearing on February 6, 2007 with an order dated February 9, 2007. In the order, Plaintiffs' motion to compel discovery was continued to allow the Plaintiffs and Defendants to attempt to resolve the discovery issues. No request for arbitration was made.

g. The motion to compel arbitration was filed on April 6, 2006 [sic], approximately 13 months after original complaint and 2 months after the amended complaint.

h. As shown by the uncontested Affidavit of Thomas L. Odom, Jr. and Affidavit of James R. Culberson, the Culbersons have incurred significant and substantial attorneys fees and cost in excess of $69,000.00 and have paid attorneys fees of $25,132.00 in this action to enjoin the foreclosure, and assert claims against the Defendants.

Based upon the foregoing findings of fact, the court concludes as a matter of law that Defendants waived the right to arbitrate by not raising the arbitration rider earlier in the case and in any event by not raising it at the hearing on the Motion to Amend Complaint that was held in February, 2007, and if the Court enforced the arbitration rider now, it would cause the Plaintiffs prejudice.

Based upon the foregoing, the Court hereby Orders that the Motion is denied.

On 13 September 2007, defendants filed an amended notice of appeal. The dispositive question before this Court is whether defendants waived their right to arbitrate. For the following reasons, we remand for further findings.

## II. Waiver of Right to Arbitrate

All of the arguments presented to this Court by defendants address the denial of their motion to compel arbitration and not defendants' motion to dismiss, which the trial court does not directly address. Therefore, we will only address the motion to compel arbitration.

> As a preliminary matter, we note the denial of a motion to compel arbitration is interlocutory in nature. This Court, however, has held the right to arbitrate a claim is a substantial right which may be lost if review is delayed, and an order denying arbitration is therefore immediately appealable.

*Moose v. Versailles Condo. Ass'n*, 171 N.C. App. 377, 381, 614 S.E.2d 418, 422 (2005) (citations and quotation marks omitted).

When there is a dispute as to whether a valid arbitration agreement exists, in order for the trial court to determine defendants have waived their right to arbitrate it must first determine "(1) whether the parties had a valid agreement to arbitrate, and also (2) whether the specific dispute falls within the substantive scope of that agreement." *See id.* (citation and quotation marks omitted). "Only when a valid arbitration agreement exists can a matter be settled by arbitration. The party seeking arbitration must show that the parties mutually agreed to arbitrate their disputes." *See id.* at 381-82, 614 S.E.2d at 422 (citations, quotation marks, and brackets omitted).

Plaintiffs argued before the trial court that the arbitration agreement was unconscionable; however, the trial court failed to address the initial questions before it: "(1) whether the parties had a valid agreement to arbitrate, and also (2) whether the specific dispute falls within the substantive scope of that agreement." *See id.* at 381, 614 S.E.2d at 422 (citation and quotation marks omitted). In finding number 12 the trial court notes that "the Arbitration Rider was introduced at the hearing without objection[,]" but did not make a finding that it was a valid agreement. The trial court goes on in finding number 14 to refer to the arbitration agreement as merely "putative[.]" However, the trial court did conclude that defendants had waived their right to arbitrate, which would be a logical conclusion only if there was a

valid agreement to arbitrate. Therefore, clarification is needed as to whether there was a valid agreement to arbitrate. Furthermore, there was no determination as to "whether the specific dispute falls within the substantive scope of [the arbitration] agreement." *See id.*

Assuming there was a valid arbitration agreement, "a party has impliedly waived its contractual right to arbitration if by its delay or by actions it takes which are inconsistent with arbitration, another party to the contract is prejudiced by the order compelling arbitration." *Prime South Homes v. Byrd*, 102 N.C. App. 255, 259, 401 S.E.2d 822, 825 (1991) (citation omitted).

> A party may be prejudiced if, for example, it is forced to bear the expenses of a lengthy trial; evidence helpful to a party is lost because of delay in the seeking of arbitration; a party's opponent takes advantage of judicial discovery procedures not available in arbitration; or, by reason of delay, a party has taken steps in litigation to its detriment or expended significant amounts of money thereupon.

*See Moose* at 382, 614 S.E.2d at 422 (citation omitted).

Furthermore, this Court has also determined that when waiver is based upon delay that causes "a party . . . [to] expend[] significant amounts of money[,]" *see id.* at 382, 614 S.E.2d at 422, we must then consider whether the party "could have avoided these expenses through an earlier request for arbitration, or [whether] such expenses were incurred after the right to demand arbitration accrued." *McCrary v. Byrd*, 148 N.C. App. 630, 639, 559 S.E.2d 821, 827 (2002), *disc. review and cert. denied*, 356 N.C. 674, 577 S.E.2d 625 (2003); *see also Servomation Corp. v. Hickory Constr. Co.*, 316 N.C. 543, 545, 342 S.E.2d 853, 854-55 (1986) (emphasis added) (The North Carolina Supreme Court determined "[a]lthough plaintiff's counsel stated in oral argument before this Court that it had incurred large expenses in answering defendant's interrogatories, the record is barren of evidence supporting this statement. In any event, we are of the opinion that *evidence of expenses related to defendant's interrogatories would have been irrelevant since plaintiff has failed to demonstrate that the judicial discovery procedures used by defendant, or their equivalent, would be unavailable in arbitration. Thus plaintiff might well have incurred the same expense during arbitration.*").

Here, the trial court found in finding number 13 that plaintiffs "have incurred attorneys fees and cost in excess of $69,000 in this action[.]" This finding could support a conclusion of prejudice to

plaintiffs because "by reason of [defendants'] delay [in requesting arbitration], . . . [plaintiffs] ha[ve] taken steps in litigation to [their] detriment or expended significant amounts of money thereupon." *See Moose* at 382, 614 S.E.2d at 422. However, the trial court made no findings regarding whether plaintiffs "could have avoided these expenses through an earlier request for arbitration, or [whether] such expenses were incurred after the right to demand arbitration accrued." *McCrary* at 639, 559 S.E.2d at 827. As there is no finding regarding whether plaintiffs "could have avoided these expenses through an earlier request for arbitration, or [whether] such expenses were incurred after the right to demand arbitration accrued[,]" *id.*, the findings of fact do not support the conclusion of law that plaintiffs were prejudiced. *See Moose* at 382, 614 S.E.2d at 422. Without a proper determination that plaintiffs were prejudiced, the trial court could not conclude that defendants waived their right to arbitrate. *See id.* Therefore, we must remand.

III. Conclusion

In conclusion, we remand the trial court order for further findings of fact and conclusions of law regarding the existence of a valid arbitration agreement, whether the parties' dispute falls within the substantive scope of the agreement, and whether defendants' delay in requesting arbitration prejudiced plaintiffs to such an extent that defendants have waived their right to arbitration.

REMANDED.

Judges McCULLOUGH and STEPHENS concur.

The judges concurred prior to 31 December 2008.