*553 TYSON, Judge.
*21 CGR Development Corporation and Carefree Cove Community Association, Inc. (collectively, "Defendants") appeal from order denying their motion to dismiss and alternative motion to stay action pending arbitration and to compel arbitration. We reverse and remand.
I. Factual Background
Carefree Cove is a residential subdivision located within Ashe and Watauga Counties, North Carolina. All lots in Carefree Cove are subject to the Declaration of Covenants and Restrictions of Carefree Cove ("the Restrictive Covenants"). Defendant CGR Development Corporation is the Declarant that filed the Restrictive Covenants, which were recorded on 12 July 2001 in the Ashe County Registry. Defendant Carefree Cove Community Association, Inc. ("the Association") is the homeowner's association for Carefree Cove.
The Association is subject to the Bylaws of Carefree Cove Community Association, Inc. ("the Bylaws"). Article 10 of the Bylaws provides, in part: "Prior to the institution of litigation, the parties to a dispute shall submit the dispute to the American Arbitration Association for binding arbitration."
Plaintiffs own two lots in Carefree Cove, conveyed subject to all covenants and restrictions set out in the Restrictive Covenants. On 17 December 2013, Plaintiffs filed a complaint against Defendants alleging Defendant CGR "refused to perform all affirmative acts required ... in the Restrictive Covenants, to convey the common areas to the association, turn over the management of Association and allow the members to elect at least majority [sic] of the Board of Administrators of the Association as set forth in ... the Declaration." Plaintiffs sought a declaratory judgment to require Defendant CGR to perform these affirmative acts. Plaintiffs' claim for relief requested an order compelling Defendant CGR to "convey the common areas to the [A]ssociation, turn over the management of Association and allow the members to elect at least majority [sic] of the Board of Administrators of the Association."
Defendants moved to dismiss the action for failure to state a claim upon which relief can be granted due to the arbitration clause in the Bylaws. Defendants moved, in the alternative, to stay the action pending arbitration and compel arbitration.
The trial court entered an order denying Defendants' motion to dismiss and alternative motion to stay the action pending arbitration and to compel arbitration on 20 August 2014.
*22 Defendants' gave timely notice of appeal to this Court.
II. Issues
Defendants argue the trial erred by (1) failing to include required findings in its order; and (2) denying Defendants' motion to dismiss and motion to stay the action and compel arbitration.
III. Review of Order Denying Request for Arbitration
Defendants' appeal is interlocutory. An order or judgment is interlocutory if it does not settle all the pending issues and "directs some further proceeding preliminary to the final decree." Heavner v. Heavner, 73 N.C.App. 331, 332, 326 S.E.2d 78, 80 (citation omitted), disc. review denied, 313 N.C. 601, 330 S.E.2d 610 (1985). The trial court's denial of Defendants' motion to compel arbitration is interlocutory. Moose v. Versailles Condominium Ass'n, 171 N.C.App. 377, 381, 614 S.E.2d 418, 422 (2005) (citation omitted).
An interlocutory order is generally not immediately appealable. An exception to this rule exists if the appellant shows the order affects a substantial right, which will be lost if it is not reviewed prior to the issuance of a final judgment. N.C. Gen.Stat. §§ 1-277(a) (2013), 7A-27(b)(1) (2013) ; Guilford Cnty. ex rel. Gardner v. Davis, 123 N.C.App. 527, 529, 473 S.E.2d 640, 641 (1996).
This Court has repeatedly held "an order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed." Prime South Homes, Inc. v. Byrd, 102 N.C.App. 255, 258, 401 S.E.2d 822, 825 (1991) (citations omitted).
*554 See Moose, 171 N.C.App. at 381, 614 S.E.2d at 422 ; Ellis-Don Constr., Inc. v. HNTB Corp., 169 N.C.App. 630, 633, 610 S.E.2d 293, 295 (2005) ; Boynton v. ESC Med. Sys., Inc., 152 N.C.App. 103, 106, 566 S.E.2d 730, 732 (2002). We acquired jurisdiction to hear Defendants' appeal from the trial court's interlocutory order denying arbitration.
IV. Analysis
Defendants argue, and Plaintiffs concede, the trial court's order lacks the required findings and conclusions to show whether this matter is subject to mandatory arbitration.
A. Standard of Review
In our review of an arbitration agreement, this Court examines "(1) whether the parties had a valid agreement to arbitrate, and also (2) whether the specific dispute falls within the substantive scope of that *23 agreement." Slaughter v. Swicegood, 162 N.C.App. 457, 461, 591 S.E.2d 577, 580 (2004) (citations and internal quotation marks omitted).
In considering the first prong, "[t]he trial court's findings regarding the existence of an arbitration agreement are conclusive on appeal where supported by competent evidence, even where the evidence might have supported findings to the contrary." Sciolino v. TD Waterhouse Investor Servs., Inc., 149 N.C.App. 642, 645, 562 S.E.2d 64, 66 (citation omitted), disc. review denied, 356 N.C. 167, 568 S.E.2d 611 (2002). We review de novo whether the specific dispute is governed by the arbitration agreement. Tohato, Inc. v. Pinewild Mgmt., Inc., 128 N.C.App. 386, 391, 496 S.E.2d 800, 804 (1998). See also Raspet v. Buck, 147 N.C.App. 133, 136, 554 S.E.2d 676, 678 (2001).
B. Findings of Fact in Trial Court's Order
The entirety of the trial court's order denying Defendants' motion to dismiss and motion to stay and compel arbitration states:
This cause coming on to be heard upon Defendants' CGR Development Corporation and Carefree Cove Community Association, Inc.'s Motion to Dismiss and Alternative Motion to Stay Action Pending Arbitration and to Compel Arbitration at the August 11, 2014, calendar for the Superior Court of Ashe County, North Carolina, Honorable Richard L. Doughton presiding, and the Court having considered same as well as arguments of counsel for the Plaintiffs and the Defendants in open court, it is
ORDERED, ADJUDGED and DECREED that Defendants' Motion to Dismiss and Alternative Motion to Stay Action Pending Arbitration and to Compel Arbitration is hereby DENIED.
The order appealed from does not state any grounds for the trial court's denial of Defendants' motion to stay and compel arbitration. No findings of fact allow this Court to review and determine whether competent evidence supports the trial court's denial of Defendants' motion to stay and compel arbitration. Slaughter, 162 N.C.App. at 461, 591 S.E.2d at 580. See Barnhouse v. Am. Express Fin. Advisors, Inc., 151 N.C.App. 507, 509, 566 S.E.2d 130, 132 (2002) (holding "[t]he order denying defendants' motion to stay proceedings [pending arbitration] does not state upon what basis the court made its decision, and as such, this Court cannot properly review whether or not the court correctly denied defendants' motion").
*24 Without setting forth findings of fact, this Court cannot conduct a meaningful review of the conclusions of law and "test the correctness of [the trial court's] judgment." Appalachian Poster Adver. Co. v. Harrington, 89 N.C.App. 476, 480, 366 S.E.2d 705, 707 (1988). This Court has repeatedly held "the trial court must state the basis for its decision in denying a defendant's motion to stay proceedings [pending arbitration] in order for this Court to properly review whether or not the trial court correctly denied the defendant's motion." Steffes v. DeLapp, 177 N.C.App. 802, 804, 629 S.E.2d 892, 894 (2006). See Griessel v. Temas Eye Center, P.C., 199 N.C.App. 314, 317, 681 S.E.2d 446, 448 (2009) (reversing and remanding trial court's order where trial court "made no finding of fact as to the existence of a valid agreement to arbitrate"); United States Trust Co., N.A. v. Stanford Group Co., 199 N.C.App. 287, 291, 681 S.E.2d 512, 515 (2009)
*555 (reversing and remanding trial court's order because "the order does not set out the rationale underlying the trial court's decision to deny defendants' motion"); Ellis-Don, 169 N.C.App. at 635, 610 S.E.2d at 297 (requiring "a determination whether an arbitration agreement exists between the parties").
The trial court's order fails to state whether the parties were bound by an arbitration agreement or whether this matter fell within the scope of that agreement. We are unable to determine any basis for the trial court's ruling.
We are required to remand for entry of an order, which shows the required two-step analysis and includes findings and conclusions necessary to resolve Defendants' motion. Ellis-Don, 169 N.C.App. at 635, 610 S.E.2d at 297. Because of our resolution of this issue, it is unnecessary to address Defendants' remaining argument.
V. Conclusion
The trial court failed to make any of the requisite findings of fact or conclusions to show: (1) whether the parties had a valid agreement to arbitrate; and, (2) whether this matter falls within the scope of that agreement. The trial court's denial of Defendants' motion to dismiss and motion to stay and compel arbitration is reversed. The matter is remanded for further findings and conclusions of law in accordance with this opinion.
REVERSED AND REMANDED.
Judges CALABRIA and GEER concur.