PETER THEIL v. HENRY A. DETERING

No. 834SC562

(Filed 5 June 1984)

**Attorneys at Law § 1.2; Pleadings § 1— complaint filed by out-of-state attorney not licensed to practice law in this state—complaint not a nullity**

A trial court erred in finding that the filing of a complaint by an out-of-state attorney not licensed to practice in this state who had not complied with the provisions of G.S. 84-4.1 was a nullity, and the court erred in dismissing the complaint after plaintiff retained counsel licensed to practice in this state.

APPEAL by plaintiff from *Tillery, Judge*. Order entered 7 February 1983 in Superior Court, ONSLOW County. Heard in the Court of Appeals 4 April 1984.

This is a civil action in which plaintiff seeks to recover for personal injuries and damages sustained by him in an automobile accident which occurred on 27 December 1979 in Onslow County, North Carolina. Plaintiff is a resident of Ohio stationed at Camp Lejeune, North Carolina with the United States Marines. On 21 December 1982, a complaint was filed on behalf of plaintiff in Onslow County Superior Court by Thomas S. Erlenbach, an attorney licensed to practice in Ohio. Mr. Erlenbach was not, at that time, licensed to practice law in North Carolina, nor was he qualified to appear in this action pursuant to G.S. 84-4.

Defendant filed a motion to dismiss the complaint on 10 January 1983 on the grounds that plaintiff's attorney, Mr. Erlenbach, was not licensed to practice law in this state, had not complied with the provisions of G.S. 84-4.1, and therefore, was not qualified to appear in the action. For that reason, defendant claimed the filing of the complaint was a nullity. On 2 February 1983, an entry of appearance was filed by H. King McGlaughon, Jr., a licensed attorney in this state, undertaking the general representation of the plaintiff in this action. In an order entered 7 February 1983, the court allowed defendant's motion, dismissed the action, and held that the filing of the complaint was a nullity. Plaintiff appealed.

*Gaylor, Edwards and McGlaughon, by H. King McGlaughon, Jr., for plaintiff appellant.*

*Stith and Stith, by F. Blackwell Stith, for defendant appellee.*

WEBB, Judge.

The question presented by this appeal is whether the trial court erred in holding that plaintiff's complaint was a nullity because it was prepared and filed by an attorney not authorized to practice law in this state, and in dismissing plaintiff's action on that basis. If the complaint was, in fact, a nullity, then the court did not err in dismissing the action, and plaintiff has lost his claim for relief because the statute of limitations expired a few days after the complaint was filed. If the complaint was not a nullity, then plaintiff's action was instituted within the limitations period, and it was error for the court to dismiss it because plaintiff retained counsel licensed to practice in this state prior to the entry of the court's order.

While it does not appear that our courts have directly addressed the question whether a pleading filed by an attorney not authorized to practice law in this state pursuant to G.S. 84-4.1 is a nullity, we believe the Supreme Court's holding in *N.C.N.B. v. Virginia Carolina Builders*, 307 N.C. 563, 299 S.E. 2d 629 (1983) settles the issue. In that case, a default judgment was entered for the plaintiff on the ground that the defendant's answer was filed by an out-of-state attorney who had not qualified under G.S. 84-4.1 to practice in North Carolina. The Court held that the default judgment was improperly entered because the answer, even though filed by an attorney not authorized to practice in this state, was on the record. *Id.* at 568, 299 S.E. 2d at 632. The Court said that plaintiff's remedy was to move to strike the answer, and then to move for entry of default and default judgment. *Id.* Because the plaintiff had not moved to strike the answer, it remained of record, and the clerk did not have authority to enter a default judgment.

We interpret *N.C.N.B.* as impliedly holding that a pleading filed by an attorney not authorized to practice law in this state is not a nullity. If such a pleading was a nullity, then the default judgment in *N.C.N.B.* would have been properly entered. By stating that a motion to strike was necessary in this situation, the Court indicated that a lawful pleading was in existence. A pleading which is a nullity has absolutely no legal force or effect, and may be treated by the opposing party as if it had not been filed. *See* Black's Law Dictionary 963 (5th ed. 1979).

We are aware that the Supreme Court's decision in *In re Smith*, 301 N.C. 621, 272 S.E. 2d 834 (1981) may be inconsistent with *N.C.N.B.* in that it could be interpreted as implying that any legal actions taken in the courts of this state by an attorney not authorized to practice in this state are null and void. In *Smith*, our Supreme Court held that an out-of-state attorney could not be held in and punished for willful contempt of court for his failure to comply with an order of the court directing him to appear as an attorney in a North Carolina case where the attorney had never acquired eligibility to appear in the case and therefore was never an attorney in the case admitted to limited practice in North Carolina. *Id.* at 633, 272 S.E. 2d at 842. The Supreme Court said that because the attorney was not authorized to practice law in this state, the court was without power to order him to appear

as an attorney in the North Carolina case, and the order to that effect was a nullity. *Id.* To the extent that *Smith*, is inconsistent with *N.C.N.B.* on this issue, we feel it was overruled by implication by the Court's decision in *N.C.N.B.*

In accordance with the Court's ruling in *N.C.N.B.*, we hold that the complaint in the instant case was not a nullity, and that the trial court erred in dismissing the action on that basis. The judgment of the trial court is

Reversed.

Judges BECTON and EAGLES concur.