HAROLD OVERCASH AND MARTIN A. OVERCASH v. STATESVILLE CITY
BOARD OF EDUCATION AND THE CITY OF STATESVILLE

No. 8622SC335

(Filed 7 October 1986)

**Schools § 11.2— injury in school baseball game—exclusion from liability coverage —governmental immunity**

Under N.C.G.S. § 115C-42 (1983), a local board of education, by purchasing general liability insurance, does not waive all governmental immunity from liability in tort, including liability for injuries expressly excluded from the insurance coverage. Therefore, the doctrine of governmental immunity protected a city board of education from liability for injuries to a player in a school-sponsored baseball game allegedly caused by negligent maintenance of the ball field where the general liability insurance policy purchased by the board contained an exclusion for injury arising out of participation in athletic contests.

APPEAL by plaintiffs from *Mills, Judge.* Judgment entered 13 January 1986 in Superior Court, IREDELL County. Heard in the Court of Appeals 28 August 1986.

*Wardlow, Knox, Knox, Freeman & Scofield, by Lisa G. Caddell, for plaintiff appellants.*

*Avery, Crosswhite & Whittenton, by William R. Whittenton, Jr., for defendant appellees.*

BECTON, Judge.

Harold Overcash and his son, Martin A. Overcash, sought recovery from defendant, Statesville City Board of Education, for injuries sustained by Martin Overcash while he participated in a school-sponsored baseball game on the premises of Statesville Senior High School. The defendant Board of Education moved to dismiss the action pursuant to Rule 12(b)(6) of the Rules of Civil Procedure on the grounds of governmental immunity. After con-

sidering affidavits and other evidence of the parties, thereby treating the motion as one for summary judgment, the trial court granted the motion. Plaintiffs appeal. We find that defendant is entitled to judgment as a matter of law and therefore affirm.

At the outset, we note that this appeal is subject to dismissal because appellants failed to comply with Rule 10 of the Rules of Appellate Procedure, which requires any exception which is made the basis of an assignment of error to be set out in the record on appeal. However, the Commentary to Rule 10 explains that the rule's function is to identify for the adverse party and for the reviewing court the particular judicial action assigned as error. Because plaintiffs' appeal is limited to one assignment of error, which is readily apparent to this Court, we are exercising our discretion to decide the case.

The sole question presented for our review is whether under G.S. Sec. 115C-42 (1983) a local board of education, by purchasing general liability insurance coverage, waives *all* governmental immunity from liability in tort, including liability for injuries which are expressly excluded from the insurance coverage.[1]

I

In April 1983, Martin Overcash, who was at that time a member of the Mooresville Senior High baseball team, participated in a ballgame between Mooresville High and Statesville High on the premises of Statesville High. During one of his turns at bat, Martin was walked by the Statesville pitcher. As he was jogging to first base, he fell and broke his leg. Martin alleged that his fall was caused by a metal spike which was embedded in the ground along the base path and which was concealed from view by dirt and the chalk used to designate the base line. This action, alleging negligent maintenance of the ball field by employees of defendant Board of Education, was initiated by Martin and his father to recover for Martin's personal injuries and for medical expenses incurred by Martin's father. The Board of Education asserted the defense of governmental immunity.

A county or city board of education is a governmental agency, and therefore may not be liable in a tort action except insofar

1. The 1985 amendments to this statute have clarified and resolved this issue for future cases.

as it has duly waived its immunity from tort liability pursuant to statutory authority. *Presnell v. Pell*, 298 N.C. 715, 260 S.E. 2d 611 (1979); *Huff v. Board of Education*, 259 N.C. 75, 130 S.E. 2d 26 (1963); *McBride v. Board of Education*, 257 N.C. 152, 125 S.E. 2d 393 (1962); *Fields v. Board of Education*, 251 N.C. 699, 111 S.E. 2d 910 (1960); *Turner v. Board of Education*, 250 N.C. 456, 109 S.E. 2d 211 (1959); *Smith v. Heffner*, 235 N.C. 1, 68 S.E. 2d 783 (1952); *Benton v. Board of Education*, 201 N.C. 653, 161 S.E. 96 (1931).

The plaintiffs claim that, pursuant to N.C. Gen. Stat. Sec. 115C-42 (1983), the defendant Board waived all of its immunity from suit by purchasing liability insurance coverage for damage caused by the negligence or torts of its employees. However, the general liability insurance policy purchased by the Board contained an exclusion for injury arising out of participation in athletic contests sponsored by the insured.

We hold that the waiver of immunity extends only to injuries which are specifically covered by the insurance policy.

## II

General Statute Section 115C-42, the controlling statute, provides in part:

> Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort.

Plaintiffs rely upon the following portion of the statute, which states that:

> Any contract of insurance purchased pursuant to this section . . . must by its terms adequately insure the local board of education against any and all liability for any damages by reason of death or injury to person or property

proximately caused by the negligent acts or torts of the agents and employees of said board of education . . . .

Counsel for the plaintiffs argues that this language constitutes an absolute legislative mandate that a school board which elects to waive any of its governmental immunity by purchasing insurance must obtain insurance coverage for *all* liability caused by the negligence of its employees. Plaintiffs then suggest, citing *Sturdivant v. City of Farmington*, 255 Ark. 415, 500 S.W. 2d 769 (1973) and *Thompson v. Sanford*, 281 Ark. 365, 663 S.W. 2d 932 (1984), that in the event of a failure to obtain total coverage, a school board becomes a self-insurer to the extent of any liability not so covered. We disagree on both counts.

The legislature's intent in enacting a statute is generally determined "not only from the phraseology of the statute but also from the *nature and purpose of the act* and the consequences which would follow its construction one way or the other." *In re Hardy*, 294 N.C. 90, 97, 240 S.E. 2d 367, 372 (1978). *See also Art Society v. Bridges, State Auditor*, 235 N.C. 125, 69 S.E. 2d 1 (1952). Furthermore, individual portions of a statute must be interpreted in the context of the whole and "accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit." *Watson Industries v. Shaw, Comm'r of Revenue*, 235 N.C. 203, 210, 69 S.E. 2d 505, 511 (1952).

A

Applying these principles, we find that the statute as a whole evidences no intent to dictate that local boards of education purchase insurance coverage for all tort liabilities. First, the act's primary purpose appears to be encouraging local school boards to waive immunity by obtaining insurance protection while, at the same time, vesting such boards with discretion regarding whether, and to what degree, to waive immunity. The act "authorizes" and "empowers" but does *not* demand the securing of liability insurance and the resultant waiver of immunity. "It is clear that the Legislature has not waived immunity from tort liability as to county and city boards of education . . . but *has left the waiver of immunity from liability for torts to the respective boards*, and then only to the extent such board has obtained liability insurance to cover negligence or torts." *Fields v. Board of Educa-*

*tion,* 251 N.C. 699, 701, 111 S.E. 2d 910, 912 (1960) (emphasis added).

Second, the statute plainly states that a waiver exists "only to the extent" that the board is actually "indemnified by insurance for such negligence or tort." This limitation on the waiver of immunity would constitute meaningless surplusage if the statute allowed no limits upon the insurance protection purchased. We find no support for the plaintiffs' position that this phrase refers only to monetary limits upon the waiver of liability and not to exclusions from coverage of specific categories of torts. The Board of Education may exercise its discretion to determine for which, if any, of its potential liabilities to purchase insurance and thereby limit its waiver of liability. Within this context, the statutory language construed by the plaintiffs as a mandate of complete liability coverage should instead be understood as merely a directive to obtain adequate insurance "against any and all liability for any damages" *for which the Board of Education actually acquires insurance.*

In addition to the statute's language and purposes, sound policy dictates that we reject the appellants' "all or nothing" construction of the statute. Were we to hold that a local school administrative unit which elects to purchase any insurance must insure against all tort liabilities and waive all its immunity from suit, the obvious and objectionable consequence would be to discourage school boards from acquiring insurance at all whenever funds for its purchase are limited. That result would directly contradict the intent of the legislature to encourage insurance protection.

Finally, even if the statute could correctly be interpreted as requiring any insurance obtained pursuant to it to cover all tort liability, the act does not prescribe the results of disobedience of such an edict. We ascertain no legislative intent to make the school board a self-insurer under those circumstances and to thus impose a waiver of immunity beyond that which the Board has chosen. "Waiver of sovereign immunity may not be lightly inferred and State statutes waiving this immunity, being in derogation of the right to sovereign immunity, must be strictly construed." *Guthrie v. State Ports Authority,* 307 N.C. 522, 537-38, 299 S.E. 2d 618, 627 (1983). *See also Floyd v. Highway*

*Commission,* 241 N.C. 461, 85 S.E. 2d 703 (1955); *Construction Co. v. Dept. of Administration,* 3 N.C. App. 551, 165 S.E. 2d 338 (1969). The statute provides that the defendant Board has waived its immunity to the extent it is indemnified by insurance for its torts. Due to the exclusion of athletic events from its liability insurance policy, the Board is not entitled to indemnification for Martin Overcash's baseball injuries and therefore has not waived its immunity from suit for those injuries. Following the rule of strict construction, we decline to impose any further waiver not expressly created by the statute.

### B

In addition to their other arguments, the plaintiffs also suggest in their brief that the mandate of insurance coverage of all negligence should be treated as a part of the insurance contract. The consequence of that position would be to delete the exclusion of athletic events from the policy. Because we find no statutory requirement that the Board insure against all tort liability, and because we find the case authority relied upon by the plaintiffs to be inapposite, we decline to rewrite the insurance policy to cover Martin Overcash's injuries.

### III

Summary judgment is appropriate whenever the movant establishes a complete defense to the plaintiffs' claim. *Estrada v. Jaques,* 70 N.C. App. 627, 321 S.E. 2d 240 (1984); *Ballinger v. Secretary of Revenue,* 59 N.C. App. 508, 296 S.E. 2d 836 (1982), *cert. denied,* 307 N.C. 576, 299 S.E. 2d 645 (1983). The defendant Board in this case has established the complete defense of governmental immunity. Therefore, the trial court was correct in granting the Board's motion.

For the reasons set forth above, we

Affirm.

Judges JOHNSON and COZORT concur.