CHARLES McCLENNAHAN, Plaintiff-Appellee v. NORTH CAROLINA SCHOOL OF
THE ARTS AND DALE POLLACK, Defendants-Appellants

No. COA05-790

(Filed 6 June 2006)

**Appeal and Error— appealability—interlocutory order—denial
of motion to dismiss—no showing of substantial right**

Defendants' appeal from the denial of their motion to dismiss
plaintiff's complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(1) is
dismissed as an appeal from an interlocutory order, because: (1)
generally, the denial of a motion to dismiss is an interlocutory or-
der from which there may be no immediate appeal; (2) the appeal
was not certified under N.C.G.S. § 1A-1, Rule 54(b); (3) the question
presented for appellate review is not whether sovereign immunity
bars plaintiff's cause of action, but whether plaintiff can directly sue
under the North Carolina Constitution if alternative state law reme-
dies exist; (4) the principle that interlocutory appeals raising issues
of sovereign immunity affecting a substantial right warrant immedi-
ate review remains wholly unaffected; and (5) defendants failed to
illustrate any substantial right will be lost regarding their statute of
limitations argument.

Appeal by defendants from order entered 15 March 2005 by Judge
Ronald E. Spivey in Forsyth County Superior Court. Heard in the Court
of Appeals 25 January 2006.

*Kennedy, Kennedy, Kennedy and Kennedy, L.L.P., by Harvey L.
Kennedy and Harold L. Kennedy, III, for plaintiff-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General
Katherine C. Galvin, for defendants-appellants.*

CALABRIA, Judge.

The North Carolina School of the Arts ("the N.C.S.A.") and Dale
Pollock ("Dean Pollock") (collectively known as "defendants") appeal

McCLENNAHAN v. N.C. SCHOOL OF THE ARTS

[177 N.C. App. 806 (2006)]

the denial of their motion to dismiss Charles McClennahan's ("plaintiff") complaint pursuant to N.C. R. Civ. P. 12(b)(1), (b)(2), and (b)(6). We dismiss as interlocutory.

Plaintiff taught at the N.C.S.A from 1996-2001. The N.C.S.A is a constituent state university of the University of North Carolina school system. Dean Pollock, the current Dean of the N.C.S.A., also served as Dean when plaintiff taught school from 1996-2001. On 8 November 2004, plaintiff filed a complaint against defendant N.C.S.A. and defendant Dean Pollock, in his official capacity, alleging both deprived him of his constitutionally guaranteed free speech rights under N.C. Const. Art. I, § 14. Specifically, plaintiff alleged the following: plaintiff reported to Dean Pollock that a white professor at the N.C.S.A. racially harassed him on several occasions including "h[a]ng[ing] a portrait on the walls of the School of the Arts of the founder of the Ku Klux Klan," but Dean Pollock "failed to take any action;" plaintiff reported to Dean Pollock that this same professor was engaged in an inappropriate relationship with a female student at the N.C.S.A., but Dean Pollock "failed to take any corrective action;" and, though plaintiff ultimately refused, he was pressured by a high ranking member of the N.C.S.A. administration to admit an unqualified applicant at the behest of Dean Pollock because the applicant's father was a prominent member of the surrounding business community. Plaintiff reported this "job intimidation" to the N.C.S.A.

Plaintiff further alleged he was subject to "retaliatory conduct" by reporting the above instances because Dean Pollock decided not to renew plaintiff's employment contract. Plaintiff appealed Dean Pollock's decision not to renew his contract to the N.C.S.A.'s Board of Trustees and Board of Governors ("Governors") and on 9 November 2001 the Governors affirmed Dean Pollock's decision. On 31 January 2005, defendants, pursuant to N.C. R. Civ. P. 12(b)(1), (b)(2), and (b)(6), filed a motion to dismiss plaintiff's complaint on the ground of sovereign immunity arguing because plaintiff had two adequate alternative statutory remedies, the Administrative Procedures Act ("the A.P.A.") and the Whistleblower Protection Act ("the W.P.A") to address his alleged injury, he could not maintain a direct cause of action under the North Carolina Constitution. The trial court denied defendants' motion and defendants appealed.

Plaintiff argues defendants' appeal is interlocutory and should be dismissed. We agree. " 'An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the

entire controversy.' " *Fabrikant v. Currituck County*, 174 N.C. App. 30, 36, 621 S.E.2d 19, 24 (2005) (quoting *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). Generally, "the denial of a motion to dismiss is an interlocutory order from which there may be no immediate appeal." *Smith v. Jackson County Bd. of Educ.*, 168 N.C. App. 452, 457, 608 S.E.2d 399, 405 (2005). Nevertheless, "[a]n interlocutory appeal is ordinarily permissible . . . if (1) the trial court certified the order under Rule 54(b) of the Rules of Civil Procedure, or (2) the order affects a substantial right that would be lost without immediate review." *Fabrikant*, 174 N.C. App. at 36, 621 S.E.2d at 24 (citation omitted). Since the appeal in the instant case was not certified by the trial court under 54(b), defendants must illustrate a substantial right exists which will be lost absent immediate appellate review.

" '[T]his Court has repeatedly held that appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review.' " *Hines v. Yates*, 171 N.C. App. 150, 156, 614 S.E.2d 385, 389 (2005) (quoting *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999)). Defendants cite *Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276 (1992), for the proposition "[t]he North Carolina Supreme Court has held that *sovereign immunity* bars a direct cause of action under a provision of the state constitution if alternative state law remedies exist." (Emphasis added). Our Supreme Court determined in *Corum*, 330 N.C. at 782, 413 S.E.2d at 289, that "in the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution." Further, our Supreme Court determined separately, "[t]he doctrine of sovereign immunity cannot stand as a barrier to North Carolina citizens who seek to remedy violations of their rights guaranteed by the Declaration of Rights." *Id.* at 785-86, 413 S.E.2d at 291. Specifically, our Supreme Court in *Corum* never links sovereign immunity and causes of action under the North Carolina Constitution in the manner defendants presume. Moreover, in the instant case, the question presented for appellate review is <u>not</u> whether sovereign immunity bars the plaintiff's cause of action, but rather whether plaintiff can sue directly under the North Carolina Constitution if alternate state law remedies exist. Thus, the long standing principle that interlocutory appeals raising issues of sovereign immunity affecting a substantial right warrant immediate review remains wholly unaffected. Here, because defendants primarily argue plaintiff could not sue directly under the state constitution since plaintiff possessed two alternative state law remedies, the A.P.A. and the W.P.A., defendants have not established they possess a substantial right

warranting immediate review of this interlocutory appeal. Likewise, defendants failed to illustrate any substantial right will be lost regarding their statute of limitations argument. Thus, this appeal is dismissed as interlocutory.

Dismissed.

Judges BRYANT and JOHN concur.