MARGARET JONES REID, ADMINISTRATOR OF THE ESTATE OF WILLIAM REID, JR., PLAINTIFF v. JACK C. COLE, M.D., CHRISTIAN MANN, M.D., CLIFFORD W. LINDSEY, M.D., CAROLINA PHYSICIANS, P.A., PITT MEMORIAL HOSPITAL FOUNDATION, INC., AND PITT COUNTY MEMORIAL HOSPITAL INCORPORATED, DEFENDANTS

No. COA07-272

(Filed 20 November 2007)

**1. Appeal and Error— appealability—denial of motion to dismiss—writ of certiorari—administration of justice**

Although defendants' appeal in a medical malpractice case from the denial of their motion to dismiss is typically an appeal from an interlocutory order, the Court of Appeals did not need to determine whether a substantial right was affected based on its election in its discretion to grant defendants' petition for writ of certiorari to address the merits of the appeal and its determination that the administration of justice would best be served by granting defendants' petition.

**2. Pleadings— suit filed by nonattorney administrator—not nullity—defect cured by attorney's appearance**

A medical malpractice wrongful death action filed pro se by the administrator of a deceased patient's estate was not a legal

REID v. COLE

[187 N.C. App. 261 (2007)]

nullity because the administrator was not an attorney, and this defect in plaintiff's complaint was cured by the subsequent appearance of a properly licensed and admitted attorney for plaintiff after the statute of limitations had expired.

Judge JACKSON dissenting.

Appeal by defendants Clifford W. Lindsey, M.D., Pitt Memorial Hospital Foundation, Inc., and Pitt County Memorial Hospital, Incorporated from an order entered 31 October 2006 by Judge Thomas D. Haigwood in Pitt County Superior Court. Heard in the Court of Appeals 18 September 2007.

*Hemmings & Stevens, P.L.L.C., by Kelly A. Stevens, for plaintiff-appellee.*

*Yates, McLamb & Weyher, L.L.P., by Dan J. McLamb and Samuel G. Thompson, Jr., for defendants-appellants Pitt County Memorial Hospital, Incorporated, Clifford W. Lindsey, M.D., and Pitt Memorial Hospital Foundation, Inc.*

HUNTER, Judge.

Clifford W. Lindsey, M.D., Pitt Memorial Hospital Foundation, Inc., and Pitt County Memorial Hospital, Incorporated ("defendants") appeal the denial of their motion to dismiss Margaret Jones Reid's ("plaintiff") medical malpractice action. After careful consideration, we affirm the order of the trial court.

William Reid, Jr. ("Mr. Reid"), plaintiff's husband, died 25 February 2004 at Pitt County Memorial Hospital. Plaintiff was appointed the administrator of his estate ("the estate"). She retained counsel to pursue a claim of wrongful death against defendants on behalf of the estate. Approximately one month prior to the expiration of the statute of limitations on the wrongful death claim, plaintiff's attorney relocated and withdrew from representation. Thereafter, plaintiff filed a *pro se* complaint against defendants alleging that they were negligent in the wrongful death of Mr. Reid. Defendants filed motions to dismiss with their answer on the ground that plaintiff was not an attorney and thus could not appear *pro se* on behalf of the estate. Defendants argued that the improper appearance rendered plaintiff's complaint a legal nullity and therefore plaintiff was barred from refiling the action with counsel because the statute of limitations had since expired. Plaintiff opposed the motions, arguing that

any defect in her complaint was cured by the subsequent appearance of counsel, based on this Court's ruling in *Theil v. Detering*, 68 N.C. App. 754, 315 S.E.2d 789 (1984).

Defendants' motions to dismiss were denied by the trial court on 31 October 2006. In its order, the trial court certified the matter for immediate appeal pursuant to N.C. Gen. Stat. § 1-277 (2005) and N.C. Gen. Stat. § 1A-1, Rule 54(b) (2005), stating that "there is no justifiable reason for delay and . . . hereby certifies this Order as immediately appealable to the North Carolina Court of Appeals."

Defendants present the following issues for this Court's review: (1) whether the appeal is properly before this Court; and (2) whether the trial court erred in denying defendants' motions to dismiss.

I.

**[1]** Typically, the denial of a motion to dismiss is not immediately appealable to this Court because it is interlocutory in nature. *McClennahan v. N.C. School of the Arts*, 177 N.C. App. 806, 808, 630 S.E.2d 197, 199 (2006). Interlocutory appeals may be heard, however, where: (1) the order affects a substantial right; or (2) the trial court certified the order pursuant to Rule 54 of the North Carolina Rules of Civil Procedure. *Id.* Where as here, the order is not "final" as to any party, the party seeking review of the interlocutory order still must show that it affects a substantial right even with trial court certification. *James River Equip., Inc. v. Tharpe's Excavating, Inc.*, 179 N.C. App. 336, 340-41, 634 S.E.2d 548, 552-53 (2006). Thus, the fact that the trial court certified its order for immediate appeal does not alter defendants' obligation to show that a substantial right has been affected.

Plaintiff has filed a motion to dismiss defendants' appeal on the grounds that it is interlocutory and does not affect a substantial right. Defendants concede that the appeal is interlocutory in nature, but argues that the order affects a substantial right. While we agree that the appeal is interlocutory, we need not determine whether the trial court's order affects a substantial right because we have elected in our discretion to grant defendants' petition for writ of *certiorari* and to address the merits of the appeal. *See* N.C.R. App. P. 21(a)(1); N.C. Gen. Stat. § 7A-32(c) (2005); *Coca-Cola Bottling Co. Consol. v. Durham Coca-Cola Bottling Co.*, 141 N.C. App. 569, 574, 541 S.E.2d 157, 161 (2000) (same). Even were we to conclude that the appeal did not affect a substantial right, the grant of *certiorari* is still appropri-

ate here, where the administration of justice will best be served by granting defendants' petition. *See Staton v. Russell*, 151 N.C. App. 1, 7, 565 S.E.2d 103, 107 (2002). Accordingly, plaintiff's motion to dismiss defendants' appeal is denied.

II.

**[2]** Defendants argue that the trial court erred in denying their motions to dismiss plaintiff's cause of action because plaintiff's complaint was a legal nullity. If the complaint is determined to be a legal nullity, then the statute of limitations on the estate's claim expired on 25 February 2006, prior to plaintiff's counsel's appearance in the action. Because we find this Court's opinion in *Theil* controlling, we affirm the trial court's denial of defendants' motions to dismiss.

The issue in *Theil* was "whether the trial court erred in holding that plaintiff's complaint was a nullity because it was prepared and filed by an attorney not authorized to practice law in this state, and in dismissing plaintiff's action on that basis." *Id.* at 755, 315 S.E.2d at 790. In that case, the plaintiff was an Ohio resident stationed at Camp Lejeune, North Carolina. *Id.* The *Theil* plaintiff retained an Ohio attorney to represent him against a North Carolina defendant in a claim arising out of a motor vehicle accident which had occurred in North Carolina. *Id.* The complaint was filed days before the expiration of the applicable statute of limitations, but plaintiff's Ohio counsel had neither retained local counsel nor qualified under N.C. Gen. Stat. § 84-4.1 to appear in the action. *Id.* at 755-56, 315 S.E.2d at 790. The defendant filed a motion to dismiss the complaint on the grounds that plaintiff's counsel was not qualified to represent him in the action, such that the filing of the complaint was a legal nullity. *Id.* at 755, 315 S.E.2d at 790. Approximately three weeks after the filing of the motion, an entry of appearance was filed by a North Carolina attorney for the plaintiff. *Id.* The trial court, however, dismissed the complaint on the grounds that the filing of the complaint by an unauthorized person on plaintiff's behalf rendered the action a nullity, such that the plaintiff's claim was now barred by the statute of limitations. *Id.*

On appeal, this Court reversed the trial court and held that "a pleading filed by an attorney not authorized to practice law in this state is not a nullity." *Id.* at 756, 315 S.E.2d at 791. In the instant case, plaintiff concedes that she was not qualified to file a complaint on behalf of the estate or any other entity aside from herself in her individual capacity. *See* N.C. Gen. Stat. § 84-4 (2005) (with limited

**REID v. COLE**

[187 N.C. App. 261 (2007)]

exceptions, it is unlawful for any person not licensed to practice law in this state to prepare for another person, firm or corporation, any legal document). As stated in *Theil*, however, the fact that plaintiff was not licensed to practice law in this state does not render the complaint a legal nullity. Accordingly, the defect in plaintiff's complaint was cured by the subsequent appearance of a properly licensed and admitted counsel.

Defendants attempt to distinguish *Theil* on the ground that the original attorney in *Theil* was licensed to practice in a different state, whereas plaintiff in this case is not licensed to practice in any state. We find such a distinction immaterial. As plaintiff correctly points out, neither the Ohio attorney in *Theil* nor the plaintiff in this action was admitted to practice law in North Carolina. Moreover, we find the case law relied upon by defendants unpersuasive. First, much of defendants' brief is devoted to discussion of case law from different jurisdictions. Although we will at times use out-of-state decisions as persuasive authority, we need not do so in this case as *Theil* is controlling. Second, defendants' reliance on *Lexis-Nexis v. Travishan Corp.*, 155 N.C. App. 205, 573 S.E.2d 547 (2002), is equally unpersuasive. That case did not address the validity or nullity of a pleading, nor did the defendant corporation ever retain counsel to cure the defect. Accordingly, defendants' arguments as to this issue are rejected and we affirm the ruling of the trial court.

III.

In summary, we deny plaintiff's motion to dismiss defendants' appeal and grant defendants' petition for writ of *certiorari*. We hold that the trial court did not err in denying defendants' motions to dismiss and thus affirm the ruling of the trial court.

Affirmed.

Judge WYNN concurs.

Judge JACKSON dissents in a separate opinion.

JACKSON, Judge, dissenting.

For the reasons stated below, I respectfully dissent from the majority's conclusion to reach the merits of this case. I would (1) hold that the order is interlocutory, (2) grant the motion to dismiss, and (3) deny the petition for writ of *certiorari*.

The majority cites *Staton v. Russell*, 151 N.C. App. 1, 565 S.E.2d 103 (2002), in support of granting *certiorari* stating "the administration of justice will best be served by granting defendants' petition." I do not think granting *certiorari* in this case is warranted, however, as I do not believe that it falls within the criteria established by extensive and longstanding precedent pertaining to interlocutory appeals.

*Staton* clearly is distinguishable from the instant case. It involved five separate lawsuits with cross-claims and third-party claims which spanned six years. The parties included a United States citizen residing in Virginia, two resident citizens of Columbia, South America— one of whom also was a United States citizen—and two Florida revocable living trusts. Oddly, the appellants and appellee were not adverse parties in any of the five North Carolina lawsuits. The appeal involved a North Carolina order enjoining a related declaratory judgment action filed in Florida. Due to the complexity of the *Staton* case, it is understandable that this Court would grant *certiorari*.

The facts of the instant case are quite dissimilar to those in *Staton*. Notwithstanding the fact that there are two appeals currently before this Court, underlying both is but a single action for wrongful death. There are no cross-claims or third-party claims. All the parties are North Carolina residents or business entities. There is no out-of-state lawsuit involved. Further, although there is some likelihood that dismissing this appeal would only delay our ultimate review, such likelihood is no more so than with any other case of the denial of a motion to dismiss based upon an interlocutory appeal.

Defendants argue that the denial of their motion to dismiss affects a substantial right in that it involves a complaint that should have been treated as a legal nullity; if not reversed, the ruling will allow an illegal and void lawsuit to continue against them. A two-part test has developed to assess the appealability of interlocutory orders as a "substantial right." *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 5, 362 S.E.2d 812, 815 (1987). "First, the right itself must be 'substantial.' Second, the enforcement of the substantial right must be lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order." *Id.* at 5-6, 362 S.E.2d at 815 (internal citations omitted).

Here, there is no substantial right which will not be preserved for later appeal, and delay would not injure defendants, other than the ordinary costs of defending the action. "[A]voiding the time and expense of trial is not a substantial right justifying immediate appeal."

*Lee v. Baxter*, 147 N.C. App. 517, 520, 556 S.E.2d 36, 38 (2001). Accordingly, I would grant the motion to dismiss and deny the petition for writ of *certiorari*.