ELROY FRINK, Administrator of the Estate of Dewayne Devon Frink; and STATE OF NORTH CAROLINA, ex. rel. Elroy Frink, Administrator of the Estate of Dewayne Devon Frink, Plaintiffs,
v.
CHRIS BATTEN, individually and in his official capacity as Sheriff of Columbus County; COLUMBUS COUNTY, North Carolina, a Body Politic; KENNETH SEALEY, in his official capacity as Sheriff of Robeson County; ROBESON COUNTY, North Carolina, a Body Politic; ALEXANDER SINGLETARY, individually and in his official capacity as Columbus County Jail Administrator; TERRY HARRIS, individually and in his official capacity as Chief Jailer, Robeson County Detention Center; TAMMY BRITT, individually and in her official capacity as Medical Officer for Robeson County Detention Center, Jail Health Services; CONNIE HALL, individually and in her official capacity as Nurse, Robeson County Detention Center, Jail Health Services; BILLY JOE FARMER, in his official capacity as County Administrator of Columbus County; and WESTERN SURETY COMPANY, Surety for Sheriff Chris Batten and Surety for Sheriffs Chris Batten and Kenneth Sealy, Defendants.
No. COA08-696.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Thigpen, Blue, Stephens & Fellers, by Daniel T. Blue, Jr. and Dhamian A. Blue; Becton, Silfkin & Bell, by Charles L. Becton and Judith M. Pope, for plaintiffs.
Womble Carlyle Sandridge & Rice, PLLC, by Allan R. Gitter, James R. Morgan, Jr., and Christopher J. Geis, for defendants.
ELMORE, Judge.
Columbus County, Chris Batten (the Columbus County Sheriff), Alexander Singletary (the Columbus County Jail Administrator), and Billy Joe Farmer (the Columbus County Administrator) (collectively, defendants) appeal the denial of their motions for summary judgment and judgment on the pleadings.

FACTS
This action arises from the suicide of Dewayne Devon Frink and the subsequent suit for his alleged wrongful death filed by the administrator of Mr. Frink's estate. The suit alleged claims for injury to a prisoner under N.C. Gen. Stat. § 162-55, negligent failure to obtain medical care, common law negligence, and action against surety, as well as a claim pursuant to 42 U.S.C. § 1983. Plaintiffs later amended this last claim by changing it to a claim under Article I, §§ 1 and 19, of the North Carolina Constitution. On 17 July 2007, this Court affirmed the trial court's decision to deny defendants' motion to change venue to Columbus County, finding venue proper in Robeson County. Frink v. Batten, 184 N.C. App. 725, 731, 646 S.E.2d 809, 812 (2007). Defendants now appeal from the trial court's order denying their motions for summary judgment and judgment on the pleadings. On appeal, plaintiff filed a motion to dismiss the appeal as interlocutory, and defendants filed a motion for in the alternative for writ of certiorari. The facts of the case, as provided in Frink, are as follows:
Plaintiffs brought this action in Robeson County Superior Court to recover for the alleged wrongful death of Dewayne Devon Frink. The named defendants include Robeson County, Columbus County, and various public officials and employees of the respective counties. In the complaint, plaintiffs allege that the following events took place.
On 21 April 2003, Frink, the decedent, was taken into custody at the Columbus County jail and, shortly afterwards, was transferred to the Robeson County Detention Center pursuant to an agreement between the two counties. In approximately June 2003, while housed at the Robeson County facility, Frink began complaining that his "mind [was] just not right." Over the course of several weeks, Frink made apparent attempts to commit suicide by trying to hang himself. Plaintiffs allege that in early July 2003, officials at the Robeson County facility contacted the Columbus County jail, explained to their Columbus County counterparts that Frink was suicidal, and indicated that they wished to return Frink to Columbus County's custody.
On 7 July 2003, Frink was transported back to the Columbus County jail by a Columbus County official without his medical records also being transferred. Upon his arrival at the jail, he was placed within the general inmate population, which, at that time, exceeded the jail's capacity by 40 inmates. Frink hung himself and died in the early morning hours of 9 July 2003. 184 N.C. App. at 727, 646 S.E.2d at 810.
Issues presented by this appeal concern the purchase of insurance polices and official bonds by defendants and the effect these purchases have upon defendants' ability to assert sovereign immunity as a defense to plaintiff's claims. Columbus County purchased an insurance policy from Argonaut Great Central Insurance Company (Argonaut policy) for the period of 1 July 2003 to 1 July 2004. It also purchased an insurance policy from the North Carolina Association of County Commissioners (NCACC policy) for the period of 1 July 2004 to 1 July 2006. The NCACC policy included retroactive coverage for the period of 1 July 2003 to 1 July 2004. The Argonaut and NCACC policies are the only insurance policies relevant to this action.

STANDARD OF REVIEW

Summary Judgment
This appeal arises from motions for summary judgment and judgment on the pleadings. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). The court may not resolve factual issues upon the motion; thus, a motion for summary judgment must be denied if there is any issue of fact present.Singleton v. Stewart, 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972). The standard of review for an appeal from a motion for summary judgment is de novo. Builders Mut. Ins. Co. v. North Main Constr., Ltd., 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006).
Generally, appeals from the denial of a motion for summary judgment are interlocutory. Smith v. Phillips, 117 N.C. App. 378, 380, 451 S.E.2d 309, 311 (1994). However, an appeal from the denial of summary judgment is permissible if the order "affects a substantial right that would be lost without immediate review." McClennahan v. N.C. School of the Arts, 177 N.C. App. 806, 808, 630 S.E.2d 197, 199 (2006) (quotation omitted). When the appeal arises from a motion "made on the grounds of sovereign and qualified immunity, such a denial is immediately appealable, because to force a defendant to proceed with a trial from which he should be immune would vitiate the doctrine of sovereign immunity." Smith, 117 N.C. App. at 380, 451 S.E.2d at 311. Thus, an appeal from summary judgment based on the defense of sovereign immunity presents a question affecting a substantial right, providing immediate review from the order. Hines v. Yates, 171 N.C. App. 150, 156, 614 S.E.2d 385, 389 (2005).
We find that defendants' appeal from the trial court's denial of their motion for summary judgment is properly before this Court. We deny the plaintiff's motion to dismiss the appeal as interlocutory in part, and we hold that the defense of sovereign immunity affects defendants' substantial right to not stand trial. We also deny defendants' motion in the alternative for writ of certiorari, as we are considering the merits of this appeal.

Judgment on the Pleadings
Defendants also contend that the trial judge erred in the decision to deny their motion for judgment on the pleadings. Judgment on the pleadings is appropriate pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure when "all the material allegations of fact are admitted in the pleadings and only questions of law remain." Carpenter v. Carpenter, ___ N.C. App.___, ___, 659 S.E.2d 762, 765 (2008) (quotation omitted). Only the pleadings are considered under a Rule 12(c) motion. Minor v. Minor, 70 N.C. App. 76, 78, 571 S.E.2d 52, 57 (2002). The denial of such a motion is reviewed de novo. Carpenter, ___ N.C. App. at ___, 659 S.E.2d at 764.
Like a motion for summary judgment, an appeal from the denial of a motion for judgment on the pleadings is generally interlocutory. Interlocutory orders are only appealable immediately if they "affect a substantial right and . . . [will] work injury if not corrected before final judgment." Goldston v. American Motors Corp., 326 N.C. 723, 728, 392 S.E.2d 735, 737 (1990).
In McClennahan, the defendant argued on appeal that the plaintiff had alternative adequate statutory remedies precluding a constitutional law claim. This Court provided:
[I]n the instant case, the question presented for appellate review is not whether sovereign immunity bars the plaintiff's cause of action, but rather whether plaintiff can sue directly under the North Carolina Constitution if alternate state law remedies exist. Thus, the long standing principle that interlocutory appeals raising issues of sovereign immunity affecting a substantial right warrant immediate review remains wholly unaffected. Here, because defendants primarily argue plaintiff could not sue directly under the state constitution since plaintiff possessed two alternative state law remedies . . . defendants have not established they possess a substantial right warranting immediate review of this interlocutory appeal. . . . Thus, this appeal is dismissed as interlocutory.
177 N.C. App. at 808-09, 630 S.E.2d at 199. The Court further explained that, when a defendant asserts that adequate state remedies bar a plaintiff's claims, the defendant has not asserted the infringement of a substantial right warranting immediate appeal. Id.
In the case at bar, defendants appeal from the order denying their motion for judgment on the pleadings by arguing that the trial court erred because adequate state remedies bar plaintiff's constitutional claim. However, defendants have failed to assert that the trial court's order affects any substantial rights. More importantly, defendants' sovereign immunity defense is not applicable to the issue of plaintiff's constitutional claim and whether there are adequate state remedies barring its introduction, which means that the issue of sovereign immunity does not implicate the rule that provides grounds for immediate appeal. We find defendants' appeal claiming that the trial court erred by denying their motion for judgment on the pleadings to be interlocutory. Thus, we grant plaintiff's motion to dismiss the appeal as interlocutory in part, concerning the issue of whether the trial court erred in dismissing defendants' motion for judgment on the pleadings.

DISCUSSION

The Effect of the County's Insurance Purchase on Sovereign Immunity
Defendants contend that the trial court erred in denying their motion for summary judgment because the defense of sovereign immunity precludes plaintiff's claims relating to defendants' governmental activities. Defendants argue that Columbus County's purchase of liability insurance did not waive their sovereign immunity; moreover, defendants claim that the insurance contract actually preserved the immunity available as governmental actors.
Sovereign immunity stands for the proposition that the State is generally immune from suit.Guthrie v. North Carolina State Ports Authority, 307 N.C. 522, 534, 299 S.E.2d 618, 625 (1983). Moreover, "[i]t has long been established that an action cannot be maintained against the State of North Carolina or an agency thereof unless it consents to be sued or upon its waiver of immunity, and that this immunity is absolute and unqualified." Id. In Guthrie, the North Carolina Supreme Court stated:
The State has absolute immunity in tort actions without regard to whether it is performing a governmental or proprietary function except insofar as it has consented to be sued or otherwise expressly waived its immunity. Claims for tort liability are allowed only by virtue of the express waiver of the State's immunity.
Id. at 534-35, 299 S.E.2d at 625. Furthermore, sovereign immunity grants "public officials, in their official capacity, an unqualified and absolute immunity from law suits." Paquette v. County of Durham, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002).
The State's consent to suit can be established by, and sovereign immunity can be waived by, a county's purchase of liability insurance. Baucom's Nursery Co. v. Mecklenburg County, 89 N.C. App. 542, 544, 366 S.E.2d 558, 560 (1988). This State has adopted legislation providing avenues for suit and waiver of immunity through the purchase of liability insurance. N.C. Gen. Stat. § 153A-435(a) provides:
A county may contract to insure itself and any of its officers, agents, or employees against liability for wrongful death or negligent or intentional damage to person or property or against absolute liability for damage to person or property caused by an act or omission of the county or of any of its officers, agents, or employees when acting within the scope of their authority and the course of their employment. The board of commissioners shall determine what liabilities and what officers, agents, and employees shall be covered by any insurance purchased pursuant to this subsection.
Purchase of insurance pursuant to this subsection waives the county's governmental immunity, to the extent of insurance coverage, for any act or omission occurring in the exercise of a governmental function . . . . By entering into an insurance contract with the county, an insurer waives any defense based upon the governmental immunity of the county. N.C. Gen. Stat. § 153A-435(a) (2007). This statute reflects the General Assembly's adoption of legislation beginning in 1955, which allows a county to "waive its [sovereign] immunity from tort liability to the extent that it has purchased liability insurance for negligence caused by an act or omission of the county or any of its officers, agents, or employees when performing government functions." Smith, 117 N.C. App. at 383, 451 S.E.2d at 313.
In regards to immunity waiver, the North Carolina Supreme Court has stated that "[w]aiver of sovereign immunity may not be lightly inferred and State statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed." Guthrie, 307 N.C. at 537-38, 299 S.E.2d at 627. Moreover, waiver of immunity generally extends "only to the extent of insurance [coverage] obtained." Evans v. Housing Auth. of City of Raleigh, 359 N.C. 50, 57, 602 S.E.2d 668, 673 (2004).
In Overcash v. Statesville City Board of Education, this Court interpreted the extent of waiver for sovereign immunity incurred by purchased liability insurance in regards to a local board of education under N.C. Gen. Stat. § 115C-42 (1983). 83 N.C. App. 21, 23-25, 348 S.E.2d 524, 526-27 (1986). There, this Court explained that the legislative authority for waiver statutorily provides that immunity is waived "'only to the extent that the board is actually indemnified by insurance for such negligence or tort.' This limitation on the waiver of immunity would constitute meaningless surplusage if the statute allowed no limits upon the insurance protection purchased." Id. at 25, 348 S.E.2d at 527. Emphasizing the statute's language stating that the liability coverage waives immunity only to the extent of the coverage purchased, this Court held that the waiver of immunity extends only to those claims specifically covered by the liability insurance policy. Id. at 23, 348 S.E.2d at 526.
Defendants purchased two policies of liability insurance applicable at the time of Mr. Frink's suicide (the Argonaut and NCAA insurance policies). Both policies contained exclusion clauses, which provided that there was no coverage for claims where the defense of sovereign immunity would be applicable. The Argonaut policy contract states it "provides no coverage for any occurrence . . . claim or suit for which any insured would otherwise have an exemption or no liability because of sovereign immunity. . . . Nothing in this policy, coverage part or coverage form waives sovereign immunity for any insured." The NCACC policy states "that [t]his coverage does not apply to any claim as follows: any claim . . .[ or] cause of action against Participant . . . as to which the Participant . . . [is] entitled to sovereign immunity or governmental immunity under North Carolina law." Both policies limit the extent of coverage available by preventing waiver of immunity.
Accordingly, the exclusions in the insurance policies purchased by defendants prevent the waiver of sovereign immunity. Strictly construing N.C. Gen. Stat. § 153A-435 to limit the waiver of immunity to the extent of insurance coverage obtained, defendants have retained the sovereign immunity defense against plaintiff's claims. The insurance policies limited coverage to claims without the defense of immunity, and provided that defendants retain any sovereign immunity defense traditionally available. Furthermore, the insurance coverage was not applicable when the participant (in this case, defendants) retained sovereign immunity. As in Overcash, the language of N.C. Gen. Stat. § 153A-425(a) waiving immunity limits waiver to the extent of coverage provided by the liability insurance. 83 N.C. App. at 25, 348 S.E.2d at 527 (immunity is waived "'only to the extent' that the board is actually `indemnified by insurance for such negligence or tort'"). Therefore, we hold that the trial court erred in failing to grant defendants' motion for summary judgment because the extent of defendants' liability insurance coverage was limited by the insurance contracts' claim exclusions retaining sovereign immunity. We also find that defendants are not precluded from the defense of sovereign immunity based on Columbus County's purchase of liability insurance.

The Effect of the Sheriff's Bond Purchase on Sovereign Immunity
Defendants contend that the sheriff's purchase of an official bond provides a statutory cause of action under the bond, but argue that the claim is limited to the extent of the bond. Plaintiff argues that an action under the purchase of bond provides that a suit may be instituted against the sheriff as well as the surety for the official bond, and that sovereign immunity does not limit remedy to an action against the surety alone.
For claims against a governmental entity or governmental employees in their official capacities, plaintiffs "must allege and prove" waiver of sovereign immunity. Sellers v. Rodriguez, 149 N.C. App. 619, 623, 561 S.E.2d 336, 339 (2002). A North Carolina sheriff is considered a public official for sovereign immunity purposes, which means waiver of immunity must be established. Summey v. Barker, 142 N.C. App. 688, 691, 544 S.E.2d 262, 265 (2001). There are two ways in which a sheriff's immunity may be waived: first, by the purchase of liability insurance under N.C. Gen. Stat. § 153A-435, and, second, by the sheriff's purchase of an official bond for acts of negligence in the performance of their official duties pursuant to N.C. Gen. Stat § 58-76-5. Smith, 117 N.C. App. at 383, 384, 451 S.E.2d at 313, 314 (holding that "waiver of a sheriff's official immunity may be shown by the existence of his official bond as well as by his county's purchase of liability insurance").
Per statute, a sheriff must purchase an official bond. N.C. Gen. Stat. § 162-8 (2007) ("The sheriff shall furnish a bond payable to the State of North Carolina for the due execution and return of process, the payment of fees and moneys collected, and the faithful execution of his office as sheriff . . . ."). In conjunction, N.C. Gen. Stat. § 58-76-5 provides:
Every person injured by the neglect, misconduct, or misbehavior in office of any . . . sheriff . . . or other officer, may institute a suit or suits against said officer or any of them and their sureties upon their respective bonds for the due performance of their duties in office in the name of the State . . . and every such officer and the sureties on his official bond shall be liable to the person injured for all acts done by said officer by virtue or under color of his office.
N.C. Gen. Stat. § 58-76-5 (2007). These statutes demonstrate legislative intent to provide a cause of action for claims where traditionally a public official would be immune from suit under the common law. See Slade v. Vernon, 110 N.C. App. 422, 427-28, 429 S.E.2d 744, 747 (1993) ("By expressly providing for this cause of action, the General Assembly has abrogated common law immunity where a public official causes injury through `neglect, misconduct, or misbehavior' in the performance of his official duties or under color of his office.").
When a sheriff purchases an official bond, sovereign immunity is waived and the sheriff "can only be liable on tort claims to the extent of the amount of that bond." Hill v. Medford, 158 N.C. App. 618, 623, 582 S.E.2d 325, 328-29 (2003) (Martin, J., dissenting)rev'd per curiam by 357 N.C. 650, 588 S.E.2d 467 (adopting J. Martin's dissent). The bond is purchased pursuant to N.C. Gen. Stat. § 58-76-5, which "allows a plaintiff to maintain suit against a public officer and the surety on his official bond for acts of negligence in performing his official duties." Slade v. Vernon, 110 N.C. App. 422, 427, 429 S.E.2d 744, 746 (1993).
Defendants argue the purchase of the bond provides a statutory cause of action under the bond, but contend that the claim is limited to the extent of the bond. In other words defendants argue that plaintiffs' claim under the sheriff's bond is its own distinct claim, independent from all other claims against the sheriff and that action only lies with the surety. However, the purchase of official bond waives the sheriff's immunity to the extent of the amount of the bond for conduct that violates the provisions of the bond. See Summey, 142 N.C. App. at 691, 544 S.E.2d at 265 (concluding that the defendants "are not immune from suit because of the existence of the bond which operates to remove the protection of governmental immunity").
While we agree with defendants that the extent of plaintiff's claim is limited to the amount of the bond, we hold that plaintiffs have a claim against the sheriff and the surety under the statutory cause of action pursuant to N.C. Gen. Stat. § 58-76-5, and that plaintiffs' claims under the purchase of bond are not barred by sovereign immunity. The sheriff purchased an official bond and is" liable to the person injured for all acts done by said officer by virtue or under color of his office." N.C. Gen. Stat. § 58-76-5 (2007). The statute provides plaintiffs with the ability to pursue a suit against the sheriff and surety, and the sheriff's sovereign or governmental immunity is waived to the extent of the amount of the bond. Id.; see also Hill, 158 N.C. App. at 623, 582 S.E.2d at 328-29 (sheriff liable to the extent of the amount of the bond on tort claims under N.C. Gen. Stat. § 58-76-5). Therefore, we affirm the trial court's denial of summary judgment for plaintiffs' claim to the extent of the amount of the official bond posted by the sheriff.

CONCLUSION
For all the foregoing reasons, we reverse the decision of the trial court order denying defendants' motion for summary judgment in part, and we hold that defendants purchase of insurance does not preclude the defense of sovereign immunity. We also affirm the trial court's denial of the motion for summary judgment in part; we hold that plaintiffs' claim is good to the extent of the official bond purchased by the sheriff. We deny plaintiffs' motion to dismiss as interlocutory in part, and we find that defendants' claim that the trial court's denial of summary judgment was error to be immediately appealable; however, we grant plaintiffs' motion to dismiss as interlocutory in part because we find defendants' claim in regards to the motion for judgment on the pleadings to be interlocutory.
Affirmed in part; reversed in part. Judges HUNTER, Robert C., and JACKSON concur.
Report per Rule 30(e).