CHANDA A. GRIESSEL, M.D., Plaintiff v. TEMAS EYE CENTER, P.C. and GREGORY P. TEMAS, M.D., Defendants

No. COA08-1139

(Filed 18 August 2009)

**1. Appeal and Error— denial of motion to dismiss— interlocutory**

The trial court's denial of a Rule 12(b)(6) motion to dismiss did not affect a substantial right and the appeal was dismissed.

**2. Appeal and Error— denial of motion to return records—interlocutory**

The denial of a motion to compel plaintiff to return records and confidential material was an interlocutory order, defendants did not argue that the denial affected a substantial right, and no substantial right was apparent to the appellate court.

**3. Appeal and Error— denial of motion to compel arbitration—substantial right affected—immediately appealable**

The denial of a motion to compel arbitration under an employment contract without findings affected a substantial right and was immediately appealable.

**4. Arbitration and Mediation— denial of motion to compel arbitration—no findings—remanded**

The denial of a motion to compel arbitration under an employment contract was remanded where there was no finding as to the existence of a valid agreement to arbitrate.

Appeal by defendants from order entered 3 June 2008 by Judge A. Moses Massey in Forsyth County Superior Court. Heard in the Court of Appeals 25 February 2009.

*Nelson Mullins Riley & Scarborough LLP, by Mark A. Stafford and Candace S. Friel, for plaintiff.*

*Douglas S. Harris for defendants.*

ELMORE, Judge.

Chanda A. Griessel, M.D. (plaintiff), sued Temas Eye Center, P.C. (TEC), and Gregory P. Temas, M.D. (together, defendants), for fraud, breach of contract, *quantum meruit*, violation of the North Carolina

Wage and Hour Act, and declaratory judgment. Defendants filed motions to dismiss pursuant to Rule 12(b)(6), to stay the action and refer to arbitration, and "to return records and confidential material." The trial court denied all three motions by order filed 3 June 2008. Defendants now appeal.

Plaintiff is a licensed ophthalmologist who was recruited by defendants to work at TEC during the summer of 2006. According to plaintiff's complaint, defendants made numerous oral and written representations to her in their attempt to obtain her services. These representations included a $125,000.00 annual base salary, a $30,000.00 signing bonus, and bonuses based upon "a percentage of her actual production and collections exceeding her annual base salary[.]" On 24 July 2006, plaintiff entered into an employment contract with defendants. According to the complaint,

> During 2007, Dr. Griessel became aware that, in her professional opinion, Defendant TEC, as described more particularly herein, was improperly billing and submitting claims to patients and third-party payors for services provided by Dr. Griessel, Dr. Temas, and TEC; that Defendant TEC was billing third-party payors including Medicare under Dr. Temas' own provider number for services provided by Dr. Griessel; that Defendant TEC was collecting and retaining amounts in excess of that to which it was entitled for·services rendered; and that Defendants were using improper accounting methods for their wrongful benefit and unjust enrichment, including without limitation, crediting Dr. Temas for procedures performed by Dr. Griessel in a manner that reduced the apparent amount of actual collections credited by Dr. Griessel under her "incentive salary" bonus agreement with Defendant TEC.

Defendant tendered a notice of resignation on 1 October 2007 and ceased providing services to TEC on 1 December 2007. According to the complaint, after 1 December 2007, defendants told inquiring patients and referral sources that plaintiff had simply "failed to show up to work" and that they did not have her contact information.

[1] We first consider defendants' arguments that the trial court erred by denying their motions to dismiss and their motion to compel plaintiff to return documents to defendants. We do not reach the merits of these appeals because they are interlocutory and not properly before us. "Typically, the denial of a motion to dismiss is not immediately appealable to this Court because it is interlocutory in nature." *Reid v.*

*Cole*, 187 N.C. App. 261, 263, 652 S.E.2d 718, 719 (2007) (quotations and citation omitted). In the absence of any final judgment, we may hear an interlocutory appeal if the order affects a substantial right. *Id.* at 263, 652 S.E.2d at 719-20. However, "the party seeking review of the interlocutory order still must show that it affects a substantial right[.]" *Id.* at 263, 652 S.E.2d at 719. "It is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal . . . and not the duty of this Court to construct arguments for or find support for appellant's right to appeal[.]" *Slaughter v. Swicegood*, 162 N.C. App. 457, 463, 591 S.E.2d 577, 581 (2004) (quotations and citations omitted). Although defendants admit that the order is interlocutory, they do not argue that it affects a substantial right. Though we need not extend ourselves this far, it is not apparent to us that the trial court's denial of defendants' 12(b)(6) motion affects a substantial right. Accordingly, we dismiss that portion of defendants' appeal as interlocutory.

**[2]** For similar reasons, we dismiss defendants' appeal from the trial court's denial of the motion to compel plaintiff to return records and confidential material. Defendants have not argued that the order denying this motion affects a substantial right and none is apparent to us.

**[3]** We next reach defendants' contention that the trial court improperly denied their motion to compel arbitration. The employment contract between plaintiff and defendants contains an arbitration clause. The clause states, in relevant part:

> Upon written demand of either party, any controversy or claim arising out of, in connection with, or related to this Agreement or breach thereof . . . shall be settled by arbitration . . . . The North Carolina Uniform Arbitration Act, as contained in Chapter 1, Article 45A, as amended of [*sic*] the North Carolina General Statutes, shall apply to this agreement to arbitrate.

Defendants argue that the trial court should have stayed the court proceedings and compelled arbitration based upon this clause.

We note first that "[a]lthough an order denying a motion to stay pending arbitration is interlocutory, it is immediately appealable under N.C. Gen. Stat. § 1-277(a) because it affects a substantial right." *Gemini Drilling & Found., LLC v. Nat'l Fire Ins. Co.*, 192 N.C. App. 376, 381, 665 S.E.2d 505, 508 (2008) (citations omitted). Accordingly, we reach the merits of defendants' argument: that it was reversible

error for the trial court to deny their motion to compel arbitration without making findings of fact.

[4] We recently reiterated that an order denying a motion to compel arbitration must include findings of fact as to "whether the parties had a valid agreement to arbitrate" and, if so, "whether the specific dispute falls within the substantive scope of that agreement." *U.S. Tr. Co. v. Stanford Gr. Co.*, 199 N.C. App. ——, ——, S.E.2d ——, —— (2009) (quoting *Ellis-Don Constr. v. HNTB Corp.*, 169 N.C. App. 630, 633, 610 S.E.2d 293, 296 (2005)). Here, the trial court made no finding of fact as to the existence of a valid agreement to arbitrate. Accordingly, we must reverse the trial court's order and remand for entry of findings of fact consistent with our opinion in *United States Trust Company*.

Dismissed in part, reversed and remanded in part.

Judges BRYANT and STEELMAN concur.