## REID v. COLE

[187 N.C. App. 299 (2007)]

MARGARET JONES REID, IN THE MATTER OF THE ESTATE OF WILLIAM REID, JR., PLAINTIFF v. JACK C. COLE, D.O., CHRISTIAN MANN, M.D., CLIFFORD W. LINDSEY, M.D., CAROLINA PHYSICIANS, P.A., PITT MEMORIAL HOSPITAL FOUNDATION, INC., AND PITT COUNTY MEMORIAL HOSPITAL INC., DEFENDANTS

No. COA07-265

(Filed 20 November 2007)

**1. Appeal and Error— appealability—denial of motion to dismiss—writ of certiorari—notice of appeal filed less than a week late—administration of justice**

Although defendant's appeal in a medical malpractice case from the denial of their motion to dismiss is typically an appeal from an interlocutory order, the Court of Appeals elected in its discretion to grant defendants' petition for writ of certiorari and to address the merits of the appeal where defendants' notice of appeal was filed less than a week late and the administration of justice would best be served by granting defendants' petition.

**2. Appeal and Error— appealability—cross-assignment of error—prior determination in companion case**

Plaintiff's cross-assignment of error regarding the trial court's grant of defendants' motion to amend their answer to assert that plaintiff's complaint was a legal nullity based on the unauthorized practice of law does not need to be addressed because the Court of Appeals already concluded in a companion case that the trial court did not err by denying defendants' motion to dismiss plaintiff's medical malpractice action for wrongful death even though defendants contended the complaint was a legal nullity based on the unauthorized practice of law.

Judge JACKSON dissenting.

Appeal by defendants Jack C. Cole, D.O. and Carolina Physicians, P.A. from an order entered 30 November 2006 by Judge Thomas D. Haigwood in Pitt County Superior Court. Heard in the Court of Appeals 18 September 2007.

*Hemmings & Stevens, P.L.L.C., by Kelly A. Stevens, for plaintiff-appellee.*

*Walker, Allen, Grice, Ammons & Foy, L.L.P., by O. Drew Grice, Jr., and Jerry A. Allen, Jr., for defendants-appellants Jack C. Cole, D.O. and Carolina Physicians, P.A.*

HUNTER, Judge.

Jack C. Cole, D.O., and Carolina Physicians, P.A. ("defendants"), appeal the denial of their motion to dismiss the complaint signed by Margaret Jones Reid ("plaintiff"), for the unauthorized practice of law.[1] After careful consideration, we affirm the ruling of the trial court.

William Reid, Jr. ("Mr. Reid"), plaintiff's husband, died 25 February 2004 at Pitt County Memorial Hospital. Plaintiff was appointed the administrator of his estate ("the estate"). She retained counsel to pursue a claim of wrongful death against defendants on behalf of the estate. Approximately one month prior to the expiration of the statute of limitations on the wrongful death claim, plaintiff's attorney relocated and withdrew from representation. Thereafter, plaintiff filed a *pro se* complaint against defendants alleging that they were negligent in the wrongful death of Mr. Reid.

Defendants in this case, filed an answer and moved the trial court to dismiss plaintiff's complaint pursuant to N.C.R. Civ. P. 12 and, after an amendment, alleged that the complaint was barred by the statute of limitations. Defendants, however, waived hearing on their motion to dismiss, relying instead on co-defendants' motions in the companion case that plaintiff's complaint was a legal nullity. Plaintiff opposed the motions, arguing that any defect in her complaint was cured by the subsequent appearance of counsel, based on this Court's ruling in *Theil v. Detering*, 68 N.C. App. 754, 315 S.E.2d 789 (1984). The trial court denied defendants' motion to dismiss on 30 November 2006. In its order, the trial court also certified the matter for immediate appeal pursuant to N.C. Gen. Stat. § 1-277 (2005) and N.C. Gen. Stat. § 1A-1, Rule 54(b) (2005), stating that "there is no justifiable reason for delay" and certified the order as immediately appealable to this Court. Defendants appeal this denial.

I.

[1] Before turning to the merits of the case, plaintiffs have motioned this Court to dismiss the appeal, arguing that: (1) the notice of appeal was not timely filed; and (2) the order is interlocutory and thus not immediately appealable. For the following reasons, the motion is denied.

---

1. This is a companion case to *Reid v. Cole*, 187 N.C. App. 261, 652 S.E.2d 718 (2007), and the underlying facts are the same.

**REID v. COLE**

[187 N.C. App. 299 (2007)]

Even assuming that the notice of appeal was not timely filed, defendants have petitioned this Court for a writ of *certiorari*. This Court has the authority to review the merits of an appeal by *certiorari* even if notice of appeal was not timely filed. *Anderson v. Hollifield*, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997); *see also* N.C.R. App. P. 21(a)(1) (either appellate court may grant writ of *certiorari* and hear an appeal even though the action was not timely filed). Moreover, this Court also has the authority to grant a writ of *certiorari* to an interlocutory appeal that does not affect a substantial right and hear the merits of the case. *Staton v. Russell*, 151 N.C. App. 1, 7, 565 S.E.2d 103, 107 (2002); *see also Coca-Cola Bottling Co. Consol. v. Durham Coca-Cola Bottling Co.*, 141 N.C. App. 569, 574, 541 S.E.2d 157, 161 (2000). In this case, we have elected in our discretion to grant defendants' petition for writ of *certiorari* and to address the merits of the appeal. The grant of *certiorari* is particularly appropriate here, where defendants' notice of appeal was filed less than a week late and the administration of justice will best be served by granting defendants' petition. *See Staton*, 151 N.C. App. at 7, 565 S.E.2d at 107. Plaintiff's motion to dismiss is therefore denied.

II.

[2] Defendants argue that the trial court erred in denying their motion to dismiss plaintiff's cause of action because plaintiff's complaint was a legal nullity. If the complaint is determined to be a legal nullity, then the statute of limitations on the estate's claim expired on 25 February 2006, prior to plaintiff's counsel's appearance in the action. For the reasons discussed in the companion case, we hold that the trial court did not err in denying defendants' motion to dismiss. Because the trial court did not err in denying defendants' motion to dismiss, we need not address plaintiff's cross-assignment regarding the trial court's grant of defendants' motion to amend their answer to assert that plaintiff's complaint was a legal nullity.

III.

In summary, we grant defendants' petition for writ of *certiorari* and thus deny plaintiff's motion to dismiss. We also hold, for the reasons stated in the companion case, that the trial court did not err in denying defendants' motion to dismiss. We therefore affirm the order of the trial court.

Affirmed.

Judge WYNN concurs.

**IN RE V.A.L.**

[187 N.C. App. 302 (2007)]

Judge JACKSON dissents in a separate opinion.

JACKSON, Judge, dissenting.

For the reasons stated in the companion case, I respectfully dissent from the majority's conclusion to reach the merits of this case. I would (1) hold that the order is interlocutory, (2) grant the motion to dismiss, and (3) deny the petition for writ of *certiorari*.